FRANCIS K. McCULLY v. THE BOARD OF EDUCATION OF THE TOWNSHIP OF RIDGEFIELD.

Submitted December 5, 1898—Decided February 27, 1899.

1. On the consolidation of school districts under the act of May 25th, 1894 (*Gen. Stat.*, p. 3055), the bonds of the several districts become legal debts of the consolidated district.

2. Bonds issued by school districts under the acts of May 9th, 1884, and March 26th, 1886 (*Gen. Stat.*, pp. 3038, 3042), are not mere mortgages, but are evidences of legal debts of the districts issuing them.

3. Under the School act of April 6th, 1897 (*Pamph. L.*, p. 154), when a new borough is formed and set off from a township and becomes a separate school district, and there is within the limits of the borough a school-house belonging to the board of education of the township, and for the erection of which there is an indebtedness for which said board is liable, the said board is not thereby discharged from its legal liability to pay such indebtedness, but on being compelled by suit and judgment at law to pay the same is entitled to collect the sum so paid from the board of education of the borough.

4. *Quære.* Whether on such indebtedness the creditor may maintain an action directly against the board of education of the borough.

On special verdict.   The facts appear fully in the opinion.

Before MAGIE, CHIEF JUSTICE, and Justices GARRISON, GUMMERE and DIXON.

For the plaintiff *William M. Johnson.*

For the defendant *Charles J. Roe.*

The opinion of the court was delivered by

DIXON, J.   This case comes before us on a special finding averring the following facts:

On the 20th day of June, 1891, "The Trustees of School District No. 1, in the county of Bergen," a corporation of this state created and existing under an act entitled "An act to establish a system of public instruction" (Revision), approved March 27th, 1874, made and issued their bond for the payment

of $1,000, on the 20th day of June, 1897, with interest at five per cent. per annum, payable to "The Trustees for the Support of Public Schools of the State of New Jersey," or bearer. This bond was regularly and legally issued and delivered to the plaintiff, who is the lawful holder thereof, and said bond was at the time of the issue the valid obligation of the said district and was one of a series of bonds issued for the construction of a new school-house in said district.

On July 1st, 1894, by virtue of the provisions of an act of the legislature of the State of New Jersey, entitled "An act to amend an act entitled 'An act to establish a system of public instruction' (Revision), approved March 27th, 1874," which said amendatory act was approved May 25th, 1894, said school district or corporation known as "The Trustees of School District No. 1 of the county of Bergen" was consolidated with the other school districts under the name and designation of "The Board of Education of the township of Ridgefield, in the county of Bergen," the defendant in this suit.

Subsequent to the consolidation of said school districts as aforesaid, certain boroughs were formed in the township of Ridgefield, under and in pursuance of an "Act for the formation of borough governments," approved April 5th, 1878; one of which boroughs, viz., the borough of Cliffside Park, embraces within its boundaries a part of said School District No. 1, including that part whereon the school-house, for the construction of which said bonds were issued, is erected.

Another of said boroughs, viz., the borough of Undercliff, embraces within its boundaries another portion of said School District No. 1.

Another of said boroughs, viz., the borough of Ridgefield, embraces within its boundaries another portion of said School District No. 1.

The residue of said School District No. 1 remains a part of said township of Ridgefield.

The question is as to the liability of the defendant to be sued upon the bond held by the plaintiff.

On the facts stated in the record the bond in suit became,

by the consolidation of the obligor with the other school districts in Ridgefield township so as to form the defendant corporation, an obligation of the defendant, for in New Jersey it is settled that the legislature has power to impose on a new or enlarged municipal corporation the debts of a pre-existing municipal corporation which is merged in the body first mentioned, when the debts were incurred for municipal property or improvements which, by the merger, pass to that body. *Rader* v. *Township of Union*, 10 *Vroom* 509; *Little* v. *Township of Union*, 11 *Id.* 397; *Township of Union* v. *Rader*, 12 *Id.* 617; *Same* v. *Same*, 16 *Id.* 182; *Neilson* v. *Newark*, 20 *Id.* 246.    Such, also, is the doctrine generally approved. *New Orleans* v. *Clark*, 95 *U. S.* 644; 1 *Dill. Mun. Corp.* (*3d ed.*), § 186; 15 *Am. & Eng. Encycl. L.* 1199.    Consequently, section 13 of the School act, approved May 25th, 1894 (*Gen. Stat., p.* 3055), which enacted that on such consolidation the property, real and personal, of the several school districts should become and be the property of the consolidated district in its corporate capacity, and the several obligations and debts of said district, whether secured by bonds or otherwise, should be assumed by and become the obligations and debts of the said consolidated district, must have the effect which its terms import.

It is urged that as, by the School acts of May 9th, 1884, and March 26th, 1886 (*Gen. Stat., pp.* 3038, 3042), bonds issued for the building of school-houses are made a lien upon the real and personal estate of the inhabitants of the districts issuing them as well as upon the property of the districts, and all such property is made liable for the payment of the same, therefore it is to be inferred that such bonds are mere mortgages, to be enforced only by direct proceedings against such property, and never were debts of the obligor, and so never became debts of the defendant.    But we think these enactments do not prevent the implication of a power to create debts in the express power to issue bonds, bonds being, *ex vi termini*, the evidence of debts.    The bond sued on is in the form appropriate to indicate indebtedness.

This bond then having, on May 25th, 1894, become by valid legislation the debt of the defendant, the question arises whether that legal obligation was extinguished by the creation of the new boroughs out of the township of Ridgefield and the consequent setting off of new school districts from the defendant corporation (*Gen. Stat.*, *p.* 3061, § 24), in one of which districts the school-house for the cost of which this bond was issued is situated.

The judicial consensus appears to be, that, on the division of an old municipal corporation and the creation of a new one out of part of its territory and inhabitants, the legislature may provide for an equitable appropriation or division of the property, and impose on the new corporation the obligation to pay an equitable proportion of the corporate debts. 1 *Dill. Mun. Corp.* (*3d ed.*), § 189; 15 *Am. & Eng. Encycl. L.* 1025.

This, however, relates only to the legislative power over the municipalities. With regard to the creditor, the constitutional provisions, that the obligation of the contract must not be impaired nor the remedy taken away, are to be observed, and hence the rule is that the old corporation remains responsible for pre-exisiting debts, in the absence of legislation to the contrary (*Laramie Co.* v. *Albany Co.*, 92 *U. S.* 307; *Bloomfield* v. *Glen Ridge*, 10 *Dick. Ch. Rep.* 505), and there is always a strong presumption against a legislative intent to compel the creditor to resort to a new debtor.

In the present case, the School act of April 6th, 1897 (*Pamph. L.*, *p.* 154), is relied on to exert this compulsion upon the creditor. It enacts that, where a borough is formed and set off from a township and becomes a separate school district, and there is within the limits of the borough any school-house belonging to the board of education of the township and for the erection of which there is an indebtedness for which said board is liable, the said indebtedness shall be assumed and become the obligation of the board of education of the borough, and that, whenever the board of education of the township is compelled to pay by suit and judgment at law any portion of such indebtedness, the board of education of

the borough shall repay to the board of education of the township the amount of the said judgment with interest.

Bearing in mind the presumption above mentioned and the fact that the new board of education to be charged by this statute would probably never be substantially the same as the original debtor, and giving reasonable effect to all the terms of the act, we think its fairest construction is that the liability of the old board of education remains, to be enforced by suit and judgment at law, and that the new board is answerable to the old board for the sum which it is thus compelled to pay. It may be, that under the affirmative words imposing an obligation upon the new board, the creditor might maintain an action against it, but there are no negative words to show clearly a purpose to take away his right and remedy against the old board.

The statute thus construed is within the pale of legislative power.

Our conclusion is that the plaintiff is entitled to judgment on the verdict.