FRANCIS K. McCULLY v. JAMES F. TRACY, COLLECTOR, AND THOMAS F. MALLON, ASSESSOR OF RIDGEFIELD.

Submitted February 19, 1901—Decided June 10, 1901.

After a judgment was obtained against the board of education of the township of Ridgefield, and an execution was issued upon it in pursuance of the act of 1900 (*Pamph. L., p.* 280), a portion of the territory of Ridgefield was severed from it by legislative action and added to other municipalities. *Held,* that in the absence of any legislative declaration to the contrary, Ridgefield owns all the property within its present limits, and is liable for all debts contracted before the severance of its territory.

---

On application for *mandamus.*

Before Justices VAN SYCKEL, GARRISON and GARRETSON.

For the plaintiff, *Demarest & De Baun.*

For the defendants, *Peter W. Stagg.*

The opinion of the court was delivered by

VAN SYCKEL, J.   On the 7th of June, 1898, the plaintiff recovered a judgment for $1,234.35 against the board of education of the township of Ridgefield in the county of Bergen.

An execution issued upon said judgment, and such proceedings were taken upon it that, under an act passed in 1900 (*Pamph. L., p.* 280, § 263), it became the duty of the assessor of the said township to assess and the duty of its collector to collect the money to satisfy said judgment.

A portion only of said judgment has been satisfied, and application is now made to enforce payment of the balance by issuing a *mandamus* to the assessor and collector.

The defence set up is that since the rendition of said judgment some portions of the territory of the township of Ridgefield have been severed from it by legislative enactment and added to other municipalities, which it is contended must share in the payment of the judgment in ease of the present township territory.

The legislature has power to divide municipal corporations at pleasure, and to apportion the common property and the common burdens as it may deem reasonable. *Neilson* v. *Newark,* 20 *Vroom* 246; *Commissioners* v. *Albany County,* 92 *U. S.* 307.

In the absence of provision to the contrary, the old corporation owns all the property within its limits, and is liable for the previously contracted debts. *Mount Pleasant* v. *Beckwith,* 100 *U. S.* 514; *McCully* v. *Board of Education,* 34 *Vroom* 18.

The township of Ridgefield is liable for the balance of this judgment, and a *mandamus* should issue as applied for.