## BREWIS *v.* CITY OF DULUTH AND VILLAGE OF DULUTH.

*(Circuit Court, D. Minnesota. December 13, 1881.)*

1. EQUITABLE RELIEF — TWO MUNICIPAL CORPORATIONS FORMED OUT OF ONE — CREDITOR'S BILL.

> The rights of creditors of the city of Duluth considered, with reference to the act of the legislature of the state of Minnesota, by which the village of Duluth was created out of a part of the territory of the city of Duluth, and the indebtedness of the city apportioned between them, and the allegations of fact in plaintiff's bill, and *held*, that such act—such allegations being true—interferes with the rights of creditors, and that a bill in equity will lie, by a creditor of the city at the time the act was passed, against the village, to enforce the payment of its proportionate share of the indebtedness; the share of the indebtedness for which each is liable being in the ratio of the taxable property of one to that of the other.

In Equity. Demurrer to bill of complaint.

This suit is brought against the city of Duluth and the village of Duluth to recover the coupons overdue upon bonds of the city of Duluth, in this district. A demurrer is interposed by the village of Duluth.

*Gilman & Clough*, for demurrer.

*Williams & Davidson*, contra.

NELSON, D. J. The complainant is the owner of certain bonds issued under an act of the legislature of Minnesota, approved March

8, 1873, authorizing the city of Duluth to fund the debt previously incurred for improving the harbor, and for other purposes. The bonds were payable in not less than 20 nor more than 30 years from the date of their issue, and bear interest at the rate of 7 per cent. per annum, payable semi-annually in the city of New York. The complainant became a *bona fide* holder of the bonds and coupons previous to 1875.

It appears that on February 23, 1877, the legislature of the state of Minnesota created the village of Duluth out of a part of the territory of the city of Duluth, under an act entitled "An act to create the village of Duluth, * * * and to apportion the debts of the city of Duluth between itself and the village of Duluth, and provide for the payment thereof."

This act carved the village out of the city limits, taking and embracing in the village all the business part of the city and business houses, the harbor, railroad depots and tracks, nearly all the dwelling-houses, all the population except about 100 inhabitants, and nineteen-twentieths of all the taxable property; and no provision was made for the payment of the debts of the city by the village unless creditors would accede to the terms imposed by the legislature as hereinafter stated. It also appears that on February 28, 1877, an act was passed entitled "An act to amend the act entitled an act to incorporate the city of Duluth," approved March 5, 1870, and this act declared that the service of all summons and process in suits against the city of Duluth should be made on the mayor of the city, and that service made on any other officer should not be valid against the city. It also provided that the term of the office of mayor should cease on the following April, 1877, and no provision was made for the election of a successor or for filling a vacancy; that no taxes should be levied without the affirmative vote of all, to-wit, four aldermen; and since the passage of the act there have never been four aldermen in the city qualified to act. There is a section authorizing the levy of taxes by the county of St. Louis, in which the city is situated, but all taxes thus levied and collected must be paid to the village of Duluth.

On the facts admitted by the demurrer the complainant is entitled to relief. The legislature undoubtedly had the right to create the village of Duluth out of the territory of the city, and, as between the city and the village, apportion the existing indebtedness; but when the corporation which created the debt is shorn of its population and taxable property to such an extent that there is no reasonable expectation of its meeting the present indebtedness, and it is unable so to

do, the creditors, at least, can enforce a proportionate share of their obligations against the two corporations carved out of one. Both are liable to the extent of the property set off to each respectively.

The debt of the city at the time the village was created by act of February 23, 1877, was about $400,000, and the act creating the village of Duluth authorized an apportionment of the debts as follows:

Section 3, in substance, provides that after one year from February 23, 1877, the village shall become jointly liable with the city on all bonds issued prior to the passage of this act, unless it shall within the year take up and cancel, as hereinafter provided, $218,000 of the evidence of indebtedness outstanding of the city, provided that interest to January 1, 1878, on all bonds and maturing coupons shall be treated and regarded as part of said evidence of outstanding indebtedness.

Section 4 enacts that not more than $100,000 of village 6 percent. 30-year bonds shall be issued for taking up outstanding bonds and orders of the city of Duluth to the amount of $218,000, and interest thereon to January 1, 1870. These bonds are to be placed in the possession of the judge of the Eleventh judicial district of the state of Minnesota.

Section 5 enacts that persons holding bonds, matured coupons, or orders of the city of Duluth prior to the passage of this act may surrender the same to the judge of the district court for exchange for the bonds of the village of Duluth; and whenever $218,000 has been surrendered, the judge shall issue to the persons so surrendering, the bonds of the village of Duluth to one-fourth of the amount so surrendered, and on the delivery of the village bonds shall cancel the amount of city bonds received in exchange.

Other sections provide for annexation of more land from the city limits.

This statute interferes with the rights of creditors. The obligations of a municipal corporation are not affected, although the name may be changed and the territory increased or diminished, if the new organization embraces substantially the same territory and the same inhabitants. It may be true that generally creditors, to obtain relief, must look exclusively to the corporation creating the debt; but when a state of facts exists as disclosed here, and the old corporation is diminished in population, wealth, and territory to the extent admitted, it would be a mockery of justice to withhold the relief asked.

Without at this time considering more fully the question presented, whether the several acts of February 25, 1877, and February 28, 1878, impair the obligations of the contract between the city of Duluth and its creditors, it is clear to my mind that the bill on its face contains sufficient equity and calls for an answer.

The demurrer is overruled, and the defendant can have until January rule-day to answer.

McCRARY, C. J., concurred.

NOTE. Consult 92 U. S. 307; 93 U. S. 266; 100 U. S. 514; *O'Connor* v. *Memphis,* 13 Cent. Law. J. 150; 7 Biss. 146.