F. B. LANDER ET AL. v. COUNTY OF VICTORIA ET AL.

Decided October 29, 1910.

1. — Governmental Agency — Power of Legislature to Change — Public School Property.

The Legislature has the power to change at will a mere governmental agency holding public property for a governmental purpose, such as public school property. There can be no vested right in a governmental agency.

**2.—Same—Title to School Property—Constitutional Law.**

Where, at a time when there were no independent school districts, property had been conveyed to the superintendent of public schools of a county and his successors in office, for the benefit of the public schools of the entire county, a subsequent Legislature would have the right, when creating an independent school district, in which said property was situated, to divest the title out of the county superintendent and vest the same in the board of school trustees for the independent school district.

Appeal from the District Court of Victoria County. Tried below before Hon. John M. Green.

*Proctor; Vandenberge, Crain & Lewright,* for appellants.

No brief for appellees.

McMEANS, ASSOCIATE JUSTICE.—The following statement of the nature and result of the suit and of the material facts proved on the trial, made by appellants in their brief, is adopted. No briefs for appellees have been filed in this court.

Appellants, F. B. Lander, J. K. Hexter, H. E. Rathbone, A. M. McFaddin, J. D. Mitchell, Albert Ernst and I. A. Heath, constituting the board of trustees of the Victoria Independent School District, for the purpose of removing cloud from title to certain realty in the city of Victoria known as lots numbered three and four in block fifty-seven, instituted this suit against appellees, the county of Victoria, I. E. Ratcliff, county superintendent of public instruction of Victoria County, Mrs. Catherine M. Brownson, Mrs. Ethel Burns and her husband, B. B. Burns, and John M. Brownson, Jr., as representatives and devisees of John M. Brownson, deceased, and also one, Edward S. Roberts, and his unknown heirs.

Mrs. Catherine M. Brownson, as sole independent executrix and one of the three devisees of John M. Brownson, deceased, entered appearance and joined in plaintiffs' prayer that the title of the latter be quieted. The other devisees of John M. Brownson, deceased, John M. Brownson, Jr., and Mrs. Ethel Burns, joined by her husband, likewise appeared and made similar prayer. Edward S. Roberts and his unknown heirs were cited by publication, and were represented by an attorney appointed by the court, who filed answer for them. Appellees, the county of Victoria and I. E. Ratcliff, superintendent of public instruction, filed separate answers, each setting up the contention that the property involved in the suit was originally conveyed by John M. Brownson for the benefit of the public schools of the entire county of Victoria, and asked for judgment to such effect.

There was a trial before the court without a jury, and judgment that appellants take nothing by their suit, with an express finding that the title to said property "was in appellee, I. E. Ratcliff, county superintendent of public instruction of Victoria County, and his successors in

office, in trust for the use and benefit of all the children of Victoria County of scholastic ages," and that the Act of the Legislature of Texas creating the Victoria Independent School District "could not have the effect to vest any title to said property in the board of trustees of said district." It was, therefore, decreed by the court that appellants take nothing by reason of their suit, and appellees were given judgment for costs. From this judgment appellants have perfected this appeal.

There was no issue whatever as to the facts of this case, namely:

First: That appellants were the duly elected and qualified board of trustees of the Victoria Independent School District.

Second: That this property was situate in the city of Victoria, and within said district.

Third: That the Victoria Independent School District had a scholastic population of over five hundred, and was maintaining a system of public free schools, and the only system of public free schools in said district.

Fourth: That John M. Brownson, now deceased, was the common source of title.

Fifth: That while the owner of this property, said John M. Brownson on the 2d day of January, 1871, conveyed all of his property to John W. Stayton and Samuel C. Lackey, assignees.

Sixth: That on the 26th day of April, 1875, John W. Stayton and Samuel C. Lackey, as assignees of Brownson, conveyed the property involved in this suit by deed to "Edward S. Roberts, superintendent of public schools for the county of Victoria, and his successors in office" and at the time of said conveyance Roberts held said indicated office. The deed is set out in full in the statement of facts, and by no further expression defines the use or purpose of this conveyance. The *habendum* and *tenendum* clause is, however, to "Roberts and his successors in office and their assigns forever," and not to Roberts, his heirs and assigns. The deed recites a consideration of two hundred dollars, paid, but there was no proof adduced as to the truth of said recital, or as to the true consideration of the deed.

Seventh: That this conveyance was expressly authorized by Brownson, and was made at his special instance and request.

Eighth: That there never had been on said property any school building of any nature, and same had never been used for school purposes at any time whatsoever.

Ninth: That Ratcliff held the office of county superintendent of public instruction for Victoria County.

Tenth: That Mrs. Catherine M. Brownson was sole independent executrix of the will of John M. Brownson, deceased, and that said Mrs. Catherine M. Brownson was the widow, and Mrs. Ethel Burns the adopted daughter, and John M. Brownson, Jr., the adopted son, of the said John M. Brownson, deceased, and said three persons were the sole devisees under the will of John M. Brownson, who died January 6, 1906, and said will was duly probated.

Eleventh: That the whereabouts of Roberts was unknown, and it

was not known whether he was living or dead, and that service had been duly had by publication upon him and his unknown heirs.

The Victoria Independent School District was created by an Act of the Legislature approved May 1, 1899, and appearing in the Acts of the Twenty-sixth Legislature, pages 151-156; also Gammel's Laws of Texas, Vol. 11, pp. 151-156.

The territorial extent of this district was co-extensive with the original four-leagues grant to the town of Victoria, and these two lots were situate in the city of Victoria and on said four-leagues grant.

Section 23 of this Act of May 1, 1899, reads as follows: "The absolute title to all property within the Victoria Independent School District, as hereby established, of right belonging to the use of the public free schools, from whatever source deraigned or in whomsoever the recorded or unrecorded title thereof may be vested, shall, upon passage of this Act, vest in the board of trustees of said district hereinbefore named and their sucessors in office."

Section 5 of this Act, provides: "The board of trustees of said district shall manage and control the public free schools within said district to the exclusion of every other authority, excepting in so far as the State Superintendent of Education, the State Board of Education, or the County Judge, or County School Superintendent of Victoria County, may be vested with general supervisory authority to instruct said board."

Section 24 of the Act gives the board of trustees of this Independent School District power "in their discretion" to sell or exchange "any public property belonging to the district and within the district or out of it, not desirable to be retained for the use of the public schools," authorizing execution of deeds, etc.

Appellants seek a reversal of the judgment of the court below upon two assignments of error, which are grouped and which are as follows:

"The court erred in denying appellants any relief, and in rendering judgment against appellants, since the title to the property involved in this suit was in appellants as trustees of the Victoria Independent School District, and none of the appellees had any proper right, title or claim thereto, and, consequently, appellants were entitled to judgment quieting their title."

"The court erred in holding that the Act of the Legislature of Texas, approved May 1, 1899, could not have the effect to vest the title to the property involved in this suit in appellants as trustees of the Victoria Independent School District, and that said title was, therefore, not in appellants, but was in appellee Ratcliff, county superintendent of public instruction of Victoria County, for the use and benefit of all the school children of Victoria County of the scholastic ages; said ruling of the court below being plain error, first, because the court flatly refused to give effect to a valid Act of the Legislature, especially to section 23 of the Act of May 1, 1899; and, second, because the effect of said ruling of the court is to wholly defeat any use of the property for any public

school purposes whatever, or any sale of the property and application of the proceeds for any public school purposes whatever."

Under these assignments appellants present several propositions, none of which, with the exception of the eighth, in the view we take, need be considered. The eighth proposition is as follows:

"The correct view of this case, however, is, that section 23 of the Act of May 1, 1899, creating the Victoria Independent School District, in vesting the title to this property in the board of trustees of the Victoria Independent School District, is a mere instance of legislative action changing a governmental agency, and it is always permissible for the Legislature to change at will any governmental agency holding property for a governmental purpose."

In support of this proposition appellants cite the City of Victoria v. Victoria County, 100 Texas, 451; Weekes v. City of Galveston, 21 Texas Civ. App., 102 (51 S. W., 544); Baker v. Dunning, 77 Texas, 28; note to case of Mt. Hope Cemetery Assn. v. Boston, 35 Am. St., 539; Commissioners of Laraime Co. v. Commissioners of Albany Co., 92 U. S., 307.

Appellants argue that the title to this property was in Roberts and his successors in office, but that, of course, same was a qualified fee and not a fee simple; that the board of trustees of the Victoria Independent School District are, so far as the use of the particular property conveyed by this deed is concerned, the successor of Roberts; that at the time the deed was executed Roberts had a limited supervisory control over public schools situated in the town of Victoria, whereas under the present law in force Ratcliff has no such authority, same being specially denied to him not only by section 5 of the Act creating the Victoria Independent School District, and section 68 of the public school Act of 1905, but also by section 37 of the Act of 1907 defining the duties of the very office that Ratcliff holds, which latter section provides that he shall have no control over such independent school district as the Victoria Independent School District; that therefore Ratcliff could not be "a successor in office" of Roberts within the purview of the deed inasmuch as Ratcliff can not exercise any control or supervision of the property, and control and supervision are essential constituents of any trusteeship; and that the board of school trustees of the Victoria Independent School District, being the only body having express and exclusive control of all schools situated in the district, is the only body that could exercise the powers in reference to the public schools of Victoria, where the property is situated, that Roberts could exercise when the deed was made to him.

This argument, while it appears to us to be sound, is, in the view we take, largely immaterial, inasmuch as it is plain that Roberts did not take title to the property in fee simple, but only took the title as a mere governmental agency. The principle seems to be firmly established in this State that the Legislature has ample authority to change at will a mere governmental agency holding public property for a governmental

purpose, and it must be held that the property in controversy was held for a public purpose.

The case of the City of Victoria v. the County of Victoria, above cited, is in point. In that case there were certain squares that had been laid off in the old colonial town of Victoria for certain purposes, the particular square, title of which was involved, being a public square dedicated for municipal purposes. At the time these squares were laid off there was the municipality of Victoria, and the town of Victoria in the municipality of Victoria. Upon the change, from the Spanish system of municipalities and municipal towns to the English system of counties and county seats, wrought by the adoption of the Constitution of 1836, a question arose as to whether the county of Victoria or the town of Victoria should be considered the successor of the municipality of Victoria in so far as the title to the square was concerned. The county contended that it was the successor of the municipality and was the successor in title of the municipality, and the city contended that it was the successor. The Supreme Court held that it was unnecessary to decide the question, though there was an intimation that the county was probably the successor, but that as the square in question was a public square, dedicated for a public purpose, the Legislature had power to select the governmental agency to hold this public square; that the Legislature had done this, and had selected the town by the Act of 1841, under which a patent was issued to the county of Victoria, which Act and patent the court held covered this square, along with other property. The Supreme Court further declared that even if the county of Victoria was a successor to the municipality, it could only be a successor in the mere holding of property for a governmental purpose, and that the Legislature was at liberty to withdraw such agency from the county and confer it upon the town of Victoria, as it had seen fit to do by the Act of 1841.

Applying the principles laid down in that case to the facts of this, we conclude that by section 23 of the Act of May 1, 1899, creating the Victoria Independent School District, the Legislature intrusted to an existent and appropriate governmental agency properties which had been conveyed for a governmental purpose to another governmental agency, the superseded agency having been rendered inappropriate by change in the law. We think there can be no vested right in a governmental agency, and that there is no constitutional inhibition upon the powers of the Legislature to vest, as it did, the title to the lots in controversy in the board of school trustees of the Victoria Independent School District. The judgment of the court below, upon the facts stated, should have been for appellants; and for this reason the judgment of the District Court is reversed and judgment here rendered for appellants.

*Reversed and rendered.*