JAMES W. WADSWORTH, Plaintiff, *v.* CHARLES MENZIE,
JOSEPH A. KRENZER, JOSEPH D. DONOHUE, JAMES C.
FOOTE and PETER CARMICHAEL, Individually and as
Claiming to Constitute the Town Board of Educa-
tion for the Town of Caledonia, Livingston County,
New York, and HENRY FEELEY, Collector of said
Town of Caledonia, Livingston County, New York,
Defendants.

(Supreme Court, Livingston Equity Term, January, 1919.)

Constitutional law — constitutionality of Township School Law (Laws
　　of 1917, chap. 328, repealed in 1918) — schools — statutes — when
　　injunction to restrain collection of taxes will not be granted.

　　The Township School Law (Laws of 1917, chap. 328, repealed
in 1918) by which the separate boards and trustees in each of
the several school districts of the town of Caledonia, Livingston
county, were consolidated into a single town school district,
and the property of the districts affected thereby transferred
thereto, did not violate the due process of law provision of
the State Constitution or of the fourteenth amendment to the
Constitution of the United States.

Supreme Court, January, 1919. [Vol. 105.

Where before the enactment of said statute one of the school districts in said town had a school building and a lawfully bonded indebtedness thereon, payment of which under said statute was imposed upon the newly created school unit, the fact that a taxpayer of a district other than the one in which the school building is situate was required under said statute to pay a portion of said bonded indebtedness did not deprive him of his property without due process of law and he will not be granted an injunction to restrain the collection of taxes levied under said statute, upon the ground that it was unconstitutional and void.

Action to construe the Township School Law (Laws of 1917, chap. 328), and to determine its constitutionality and to restrain defendants from collecting certain taxes under said law.

Fred A. Quirk, for plaintiff.

Archibald M. Little, for certain defendants.

Frank B. Gilbert, for the commissioner of education.

Clark, J. This action is brought to determine the constitutionality of chapter 328 of the Laws of 1917, commonly called the Township School Law.

This law was repealed in 1918 (Laws of 1918, chap. 199), but while it was in force certain taxes were levied under its provisions against plaintiff's property in the town of Caledonia, and he asks to have the school authorities restrained from the collection of said taxes on the ground that the law under which they were levied was unconstitutional and void.

The facts in the case are conceded. The plaintiff is an extensive property owner in school district No. 3, in the town of Caledonia, Livingston county, N. Y. Proceeding under the terms of the Township School Law (Laws of 1917, chap. 328), the school districts of

said town were consolidated into a single town school unit with a single board of education in place of separate boards and trustees in each of the several school districts of the town.

School district No. 5 in said town before the consolidation had a valuable school building and a bonded indebtedness of $23,700, which bonds had been issued in accordance with the law by the proper officers of said school district No. 5. Under the terms of the Township School Law this bonded indebtedness would be spread upon the districts of the entire town — that is, the districts consolidated into one township system would assume the payment of the bonded indebtedness of district No. 5.

The plaintiff attacks the constitutionality of the Township School Law on several grounds, but none of them seems to be of importance excepting the one which asserts that plaintiff is deprived of his property without due process of law, in that the act attempts to charge against this plaintiff a bonded indebtedness created by school district No. 5, and not created, authorized, or in any respect ratified by the other school districts of said town, or by the plaintiff or any other taxpayer in such other school districts.

Plaintiff also attacks the constitutionality of the act in reference to the provisions about appraising the value of the school property in each district, crediting the value to the district and charging it against the town, in that it violates section 6 of article 1 of the Constitution of the state of New York, because it will deprive the plaintiff of his property without due process of law and without compensation therefor, and take his property for private uses and for purposes of a personal rather than a public character.

I do not think the act violates section 6 of article 1 of the Constitution of the state of New York, or sec-

tion 1 of article 14 of the Constitution of the United States, which provide that no person shall be deprived of property without due process of law.

The Township School Law in question substitutes a board of education of the town for the trustees and boards of education of the districts comprising the new school unit and confers upon the town board of education the power to control and maintain all school properties of the town. All of the districts of the town are united in one township school unit, the several districts are dissolved so far as their administrative functions are concerned, although they are continued as to territory until consolidated as provided by said act, and the territory of the several districts consolidated into one town unit, and it is intended to equalize the burden of taxation for the support of all schools in the territory affected.

For many years the legislature has had full control over the creation of municipalities, and to determine what territory should and should not be included within their boundaries, and it has long been held that when the legislature consolidated two or more municipalities or enlarged one by the transfer of property from another, it might make the consolidated municipality liable for the debts of all the municipalities included in the consolidation. 28 Cyc. 220; Dillon Mun. Corp. § 355; *Huffmire* v. *City of Brooklyn,* 162 N. Y. 584.

This township school unit became a public corporation composed of all the inhabitants of the town of Caledonia by virtue of the act in question, and boundaries of the district could be modified or enlarged by the legislature without the necessity for the consent of those composing the body of the township.

It has long been the policy of some of our sister

states to abolish small school districts and substitute the larger township unit to the end that the educational facilities of the community might be enlarged and improved. In Massachusetts, for instance, a Township School Law very similar to the law under consideration here has been approved and upheld as being constitutional, although many times attacked on the precise grounds relied upon by plaintiff in his contention here.

An examination of those cases and of cases in Rhode Island, where a similar Township School Law has been in force for some years, reveals the fact that the courts of those states have uniformly held that the Township School Laws abolishing the school district system and taking possession by the town unit of all the property of the districts consolidated, the appraisal of the same, and the levying of a tax on the town for the amount of the appraisal and the remittance to the taxpayers of each district of the appraised value of their district property, less the amount of the debts due from the district, and the assumption by the town of all the district debts, has been approved and declared constitutional. *Rawson* v. *Spencer,* 113 Mass. 40; *Stoneham* v. *Richardson,* 23 Pick. 62; *Whitney* v. *Stow,* 111 Mass. 368; *Matter of North Smithfield,* 26 R. I. 164; *Tefft* v. *Lewis,* 27 id. 9.

So far as my examination discloses, Township School Laws in several other states similar to the one under consideration here have uniformly been upheld as constitutional, excepting in the state of New Jersey, where a similar statute was held unconstitutional as devoting public funds to private uses. *State ex rel. Elizabethtown Water Co.* v. *Wade,* 59 N. J. Law, 78.

The conceded fact that plaintiff, as a taxpayer of district No. 3 of the town of Caledonia, is required

under the provisions of the act in question to pay a portion of the bonded indebtedness of district No. 5 in said town in the creation of which he had no voice or part, would seem to be unfair, but when we consider the fact that under the provisions of this act the valuable school property in district No. 5 becomes the property of the entire township unit, of which plaintiff's district No. 3 is a part, and that the inhabitants of district No. 3 will be entitled to the privileges afforded by the fine school building in district No. 5, it would be equally unfair to say that the inhabitants of district No. 3 should receive an interest in the school properties in district No. 5 with all the advantages thereof without paying anything for such interest and advantages.

The whole scheme of consolidating the school districts of a town into one township school unit is in line with progressive ideas for the advancement and improvement of our educational system, and while our own state has seemingly been tardy in adopting the town unit system, it seems to have worked out satisfactorily and with the approval of the courts in other states, excepting the state of New Jersey.

The right of the legislature to alter the boundaries of towns, villages and school districts, and enlarge them and to transfer public property of the districts affected to the newly created territory, and to impose upon it the outstanding debts of the old territory, has been upheld not only by the courts of Massachusetts and Rhode Island, but by the Supreme Court of the United States. *Laramie County* v. *Albany County,* 92 U. S. 307.

The consolidation of the school districts of the town of Caledonia into one township unit, transferring the property of the districts affected to the town unit, and imposing the indebtedness of district No. 5 upon the

entire consolidated territory, which received title to and advantages from the improved school facilities existing in district No. 5, violates no provision either of the State or Federal Constitutions to which my attention has been called. The plaintiff has in no way been deprived of property or property rights for private purposes, for the transfers contemplated by this act are from one public corporation to another, not for private purposes, but for greater convenience in administering the educational functions of the town of Caledonia.

Likewise, the appraisal, apportionment and distribution of taxable property as provided for under the act is not repugnant to the provisions of the Federal Constitution, nor of section 1 of article 9 of the State Constitution, for it does not contemplate taking public property for private uses. It is simply a scheme to equalize the expenses of the new town school unit to the end that all taxpayers will share in the common burden on the basis of equalizing the property rights of the districts brought into the town unit, giving credit to each district for the expenditures which it has made in providing school facilities.

It is my opinion that the criticisms of plaintiff to the act in question are without merit, and that its provisions are not repugnant to either the State or Federal Constitutions.

It follows that the injunctive relief asked for must be denied, and the complaint dismissed.

Judgment accordingly.