## No. 9336.

## ZIMMERMAN v. COUNTY COMMISSIONERS OF THE COUNTY OF ROUTT.

1. STATUTES—*Construction.* A word set down in the singular will be read in the plural if this is necessary to carry out the manifest purposes of the enactment.

2. —— *Construed.* A contract let by the County of Moffat for transcribing certain tax roles of Routt County for the years from 1907 to 1910, under authority of sec. 1 of the Act of 1913 (Laws 1913 c. 155), sustained.

The County of Moffat was set off from Routt by the Act of 1911, (Laws 1911 c. 173). The statute makes provision for a transcription of the records of Routt, relating to lands situated in the new county and declares that the cost of this transcript shall be paid by the two counties, "in the proportion that the assessed valuation of Routt County bears to the assessed valuation of Moffat County". By the Act of 1913 (Laws 1913 c. 155), it was provided that the County of Moffat should let the contract for making this transcript. A contract let by the authorities of Moffat County providing that Routt County should pay a specified proportion of the cost, was sustained.

3. CONSTITUTIONAL LAW—*Division of County—New County.* The General Assembly have power to divide counties and towns at their pleasure, and apportion the common property, and the common burden, in such manner as may seem to them equitable, so far as not prohibited by some express or implied provision of the fundamental law.

*Error to Routt District Court, Hon. John T. Shumate, Judge.*

Mr. JOSEPH K. BOZARD, for plaintiff in error.

Mr. C. R. MONSON, for defendant in error.

Opinion by Mr. Justice Allen:

This is an action brought by the plaintiff in error against the Board of county Commissioners of the County of Routt, to recover upon a contract for services in transcribing such of the tax rolls of Routt County as affect lands in Moffat County. The amended complaint recites the facts hereinafter noted. A demurrer to the amended complaint was sustained by the trial court. The plaintiff brings error.

The County of Moffat was created by the General Assembly in 1911, by chapter 173, p. 516. Session Laws of 1911. A certain part of Routt County was set apart for this purpose. In the same Act provision was made for making a transcript of the records of Routt County of all property situated in Moffat County, and transcribing the same in the proper record books to be provided by the County of Moffat. It was further provided that

"The cost of transcribing said records shall be paid by the counties of Routt and Moffat in the proportion that the assessed valuation of Routt County bears to the assessed valuation of Moffat County."

In 1913 the General Assembly passed an Act, the purpose of which is, as stated in its title, as follows:

"An Act to deliver to Moffat County, the taxes prior to the year A. D. 1911 upon all property personal and real which was situated in the boundaries of Moffat County at the time of its assessment or levy for taxes was made thereon, in full settlement between the Counties of Routt and Moffat of all unpaid taxes, and authorizing the county treasurer of Moffat County to collect all such taxes, to issue redemption certificates of lands sold for taxes, and to issue treasurer's deeds or tax deeds for all lands embraced within the territory of said Moffat County to those entitled thereto."

(Chapter 155, p. 601, S. L. 1913).

Section 1 of this Act provides that

"The County of Moffat shall let a contract for the transcribing of that portion of all tax rolls for the year prior to 1911 or so much thereof as Moffat County may desire to be transcribed, the property of which either personal or real, was situate in the territory now embraced in the County of Moffat, at the date of its assessment.    *    *    *"

The expression "year prior to 1911" found in the body of the act, must be construed as if it read "years prior to 1911," for only in this way can the legislative intent be carried out.    The title of the act uses the expression "prior to the year A. D. 1911," and further on in the body of the act reference is made to "a full settlement of all taxes prior to the year A. D. 1911."    It was the evident intention of the legislature to enable Moffat County to receive all the uncollected taxes levied within its present territorial limits prior to the year 1911, instead of only those remaining uncollected on property assessed during the year 1910 or "year prior to 1911."

Pursuant to the Act of 1913, above mentioned, the County of Moffat let the contract, sued on in the instant case, to the plaintiff in error.    The contract provided that the plaintiff in error should transcribe certain tax rolls of Routt County, not only for the year 1910 but also for the years 1907, 1908 and 1909.    Under our construction of the statute, as indicated in the preceding paragraph, no objection can be made to the amended complaint, or to the contract in question, because it related to transcribing tax rolls for other years prior to 1911 than the year 1910 alone.

The contract involved in this controversy, which was let by Moffat County to the plaintiff in error, provided that the County of Routt should pay a part of the expenses of transcribing the tax rolls.    It is upon this part of the contract that plaintiff in error brought this action against the County of Routt.    It is contended by the defendant in error that the statute does not authorize the County of Moffat to render the County of Routt liable to any third party, or

bind it by a contract, for services in transcribing tax rolls. We do not agree with this contention. The statute provides that the County of Moffat shall let the contract, and further provides

"that each county shall pay the same proportionate part of the expenses of transcribing said tax rolls and tax sale records as provided    *    *    *"

in the Act of 1911. There is nothing in the Act of 1913 which forbids the County of Moffat from letting a contract to an individual, and providing in this contract that Routt County shall pay its proportionate part directly to the individual contracted with.

It is contended, on various grounds, that the Act of 1913, when construed as it is in the foregoing part of this opinion, is unconstitutional. We do not agree with such contentions. In *Larimie County v. Albany County*, 92 U. S. 307, 23 L. Ed. 552, it was said:

"Opposition is sometimes manifested; but it is everywhere acknowledged that the legislature possesses the power to divide counties and towns at their pleasure, and to apportion the common property and the common burdens in such manner as to them may seem reasonable and equitable."

In *Denver v. Adams County*, 33 Colo. 1, 8, 77 Pac. 858, it was said:

"That, in the absence of a constitutional limitation, it is competent for the legislature, at the time it carves out a new county from the territory of an old one, or by subsequent legislation, to adjust the property rights and equities between the two, is well settled.    *    *    *    This power has often been exercised with us, as an examination of our statutes discloses."

It was not an unusual legislative practice for the General Assembly, by the Act of 1913, to transfer from the old county of Routt to the new county of Moffat certain uncollected taxes on property situated within the limits of Moffat County. Such taxes may be transferred from one county to another, or divided between the two, as any other kind

of property or assets. 15 C. J. 410, Sec. 36. The legislature may make such regulations touching liabilities and assets of the county from which the new one is carved, as legislative wisdom shall dictate, except as forbidden by some express or implied constitutional inhibition. *Delta County v. Gunnison County*, 17 Colo. 441, 28 Pac. 476. The provision of the Act of 1913 relating to the letting of a contract for the transcribing of certain tax rolls was a part of the regulations touching the apportionment of assets and liabilities between the old county of Routt and the new county of Moffat. The object of such provision was to carry out the transfer of certain unpaid taxes from Routt to Moffat County. It is no valid objection to the Act that the county commissioners of Moffat County are made the agency of the legislature for that purpose, and that Routt County had no voice in the making of the contract. The legislature may remit the apportionment of assets and liabilities between the old and the new county, and the means for doing so, to any appropriate agency, 15 C. J. 412; and it acted within its power in giving the county commissioners of Moffat County the authority to make the contract in question. We find no constitutional provision which invalidates the statute of 1913.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

Reversed.

Chief Justice Garrigues and Mr. Justice Bailey concur.