**WESTERN OKLAHOMA GAS & FUEL CO. v. CITY OF DUNCAN.**

No. 17055—Opinion Filed Nov. 23, 1926.

1. **Corporation Commission—Powers—Rate-Making for Public Utilities.**
By sections 3463 and 3464, Comp. Stat.

1921, jurisdiction is conferred upon the Corporation Commission over all public utilities, with the power to fix and establish rates and prescribe rules, requirements, and regulations affecting their services and operation and the management and conduct of their business, and under the powers thus conferred, the Commission is vested with authority to make all valid and lawful orders prescribing rates, which the state, in the exercise of its sovereign capacity, could prescribe or make.

**2. Same—Constitutional Law—Gas Rates—Municipal Powers Abrogated by Statute.**

The power to regulate the charges for public services by municipal corporations is the power which it was the intention of the framers of the Constitution should be exercised by the sovereign power only. Such power is inherent in the state and is a necessary attribute of sovereignty. No specific authority having been conferred by the Constitution upon cities to fix and regulate the charges for gas in municipalities, the Legislature had the right to legislate thereon whenever, in its judgment, the public interest required such action. The power delegated to the city of Duncan to regulate charges for light and gas under section 4568, Comp. Stat. 1921, was such a grant of power as could be taken away from said city by the Legislature and conferred upon the Corporation Commission, as was done by section 3463, Comp. Stat. 1921. The order of the Corporation Commission increasing rates for gas to be charged consumers in the city of Duncan by the Western Oklahoma Gas & Fuel Company, and requiring the city to pay for gas at the same rate, is a valid order under said act, and said order of the Commission is not repugnant to section 15, art. 2, of the Constitution of Oklahoma, nor to section 10, art. 1, of the Constitution of the United States.

**3. Same—Legislative Powers Supreme.**

Section 7, art. 18, of the Constitution of Oklahoma, expressly prohibits the surrender by the legislative branch of the state government of the power to regulate the charges for public services.

**4. Same—Municipal Regulation Superseded by Corporation Commission.**

Under the reservation contained in section 7, art. 18, of the Constitution of Oklahoma, the state, acting through its Corporation Commission, may revoke, enlarge, or set aside the former acts of its own municipalities, in the regulation of charges for public services since the adoption of the Constitution and the passage of the legislative act of March 25, 1913.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Stephens County; M. W. Pugh, Judge.

Action by the City of Duncan against the Western Oklahoma Gas & Fuel Company. Judgment for plaintiff, and defendant brings error. Reversed.

Robert D. Garver, for plaintiff in error.

J. W. Marshall, for defendant in error.

Opinion by THOMPSON, C. This action was commenced on the 8th day of August, 1925, in the district court of Stephens county. Okla., by the city of Duncan, a municipal corporation, defendant in error, plaintiff below, against the Western Oklahoma Gas & Fuel Company, a corporation, plaintiff in error, defendant below, to enjoin plaintiff in error from cutting off the gas supply theretofore being furnished to the defendant in error. Parties will be referred to as plaintiff and defendant, as they appeared in the lower court.

That part of the petition of plaintiff necessary to a decision in this case alleges that the defendant, by virtue of its franchise granted by the plaintiff, contracted and agreed, as part and parcel of the consideration for said franchise and for use of the streets and alleys of the plaintiff, that sufficient gas for light and fuel purposes should be furnished for the city hall, but that since July, 1923, the defendant had attempted to charge for all gas consumed by said city for the city hall and demanded payment at the commercial rate charged the public; that plaintiff had refused to pay said account by reason of the conditions of the franchise, and that defendant had threatened to cut off the supply of gas unless the plaintiff make payment for the gas consumed in accordance with the charges made by the defendant for said gas, and that if defendant were not enjoined, it would cut off said supply of gas, thereby causing irreparable injury to the plaintiff. A temporary restraining order was issued by the court.

The defendant answered, admitting certain allegations of plaintiff's petition and admitted that section 9 of the franchise, under which it was operating in the city of Duncan, was as follows:

"Sec. 9. In consideration of the franchise herein provided, C. K. O'Hara and John Bott shall supply and deliver free of charge to the city of Duncan, for during which period of its use of this franchise an adequate amount of natural gas to properly heat and light the entire City Hall building, together with any addition that may be made thereto, the same to be used economically."

The defendant further answered that it had applied to the Corporation Commission for permission to increase its rates, and that,

on the 17th day of November, 1921, the Corporation Commission, by order No. 1955, permitted the defendant to increase its rates, and in said order found that the provision of the franchise to furnish free gas to said city be made not effective, and the practice of furnishing free gas to the city of Duncan be discontinued, and that all gas delivered to said city thereafter be paid for at the rates prescribed in said order, and that said order superseded the provisions of the franchise, requiring gas to be furnished to the city free of charge, and that said order had become final, as no appeal had ever been taken therefrom, and that the city, at the time of filing the answer, owed the defendant, and that monthly statements had been rendered for gas furnished during the preceding month; that it had served notice that unless the account was paid further supply would be discontinued, and admitted that it would have discontinued the supply of gas except for the restraining order issued by the court, and would discontinue such supply if at the final hearing of the cause the restraining order were dissolved, and asked for judgment for the amount of $1,000.32, due from the city on account of gas theretofore furnished. A copy of the order was attached to the answer as an exhibit, That part of which is necessary to a decision in this case is as follows:

"It is the further finding of the Commission that heretofore it has been the practice of the applicant to furnish gas to certain city institutions in Duncan and Marlow free of charge. It is ordered that this practice be discontinued, and that all gas delivered for consumption in the said cities be charged for at the rates above prescribed."

The plaintiff replied, admitting that the order had been made by the Corporation Commission, but alleged that said order was invalid and void, for the reason that said Corporation Commission was without authority to make such order, and that the obligation of defendant, as contained in the franchise, to furnish free gas was part of the consideration for granting the franchise, and that the Corporation Commission as a rate-fixing agency was without power or right to deprive the city of Duncan of said consideration, and denied the right of the defendant to judgment for the gas furnished to said city as the same was inequitable, unjust, and against the express terms of the contract, under which the defendant used the streets, alleys, and thoroughfares of plaintiff in piping, delivering, and selling the gas. There are other allegations in the reply, which are not material to a decision of this question.

The cause was tried to the court, without the intervention of a jury on an agreed statement of facts, which, among other things, contains the following facts: The franchise, under which the defendant was operating, was granted on August 10, 1912, and contained section 9, as above quoted; that the order, heretofore referred to, was made by the Corporation Commission on November 17, 1921; that gas had been furnished to plaintiff by the defendant, and that if the provision of the franchise as to free gas were annulled by the order of the Corporation Commission, thereafter, said city was bound by the rates established therein, and that there was now due from plaintiff to defendant for gas used up to and including July 20, 1925, the sum of $1,000.32; that plaintiff had refused to pay for the gas upon the contention that the defendant was bound by the provisions of the franchise to furnish gas to the city hall free of charge, and that defendant's obligation was not affected or wiped out by the order of the Corporation Commission; that defendant had served notice upon the plaintiff if the account for gas theretofore furnished were not paid, service would be discontinued and would have been discontinued, except for the order of court restraining the defendant from so doing; that no order of the Corporation Commission had been issued other than the order heretofore referred to affecting furnishing gas free of charge to the city; that the amount of the account sought to be collected was based upon the rates charged to other consumers set out in the defendant's schedules filed with the Commission.

The court rendered its judgment perpetually enjoining and restraining the defendant from interfering with and cutting off the supply of gas furnished to the plaintiff by the defendant for the purpose of heating and lighting the city hall of plaintiff, and the restraining order, theretofore issued, was made perpetual and permanent, to which judgment of the court the defendant reserved its exceptions, and after an unsuccessful motion for new trial, filed by the defendant, the cause comes regularly upon appeal to this court for review from said judgment.

The only questions to be determined on this appeal are whether the order of the Corporation Commission, canceling and annulling section 9 of the franchise, heretofore quoted in this opinion, is in excess of its jurisdiction or authority, under the Constitution and laws of this state, and contrary to the contract clause of the Constitution of the United States or the Constitution of the state of Oklahoma.

The questions presented here seem to have been fully covered by the decisions of this state and other states, and by the Supreme Court of the United States and the suspension of the terms of the contract by the Corporation Commission as to free gas for the municipal building in the city of Duncan, seems to have been determined to have been within the power and jurisdiction of the Corporation Commission as a rate-fixing body, duly authorized thereto by the Act of March 25, 1913, of the state Legislature, found at section 3463, Comp. Stat. 1921, and, under the implied powers granted the Corporation Commission, under section 3464, Comp. Stat. 1921, and that the cancellation of section 9 of the franchise, heretofore copied in this opinion, was not in conflict or in violation of article 1, sec. 10, U. S. Constitution, or article 2, sec. 15 of the Constitution of Oklahoma, which reads as follows:

"* * * Nor any law impairing the obligation of contracts shall ever be passed."

Section 7, art. 18, of the Constitution of Oklahoma is as follows:

"No grant, extension, or renewal of any franchise or other use of the streets, alleys, or other public grounds or ways of any municipality, shall divest the state, or any of its subordinate subdivisions. of their control and regulation of such use and enjoyment.

"Nor shall the power to regulate the charges for public services be surrendered; and no exclusive franchise shall ever be granted."

Under the last above-quoted section of the Constitution, the power to regulate the charges for public services was reserved by the state, and the state. acting through its Corporation Commission, which was created by the state Constitution, has the inherent power to control rates for services rendered by public utilities in this state. This is a necessary attribute of sovereignty. The state is also authorized, through the exercise of its sovereign power, to increase or lower charges for public services under the established rule that a municipal city government, being an arm of the state, is subject to the control of the state in this regard. Prior to the passage of the Act of March 25, 1913, the cities of the state were authorized to grant franchises and establish rates, but since the adoption of the state Constitution and the passage of the above-mentioned act, the exclusive power of regulating rates is vested in the Corporation Commission and the cities of the state may not regulate the same under its charter provisions, Bartlesville v. Corporation Commission, 82

Okla. 160, 199 Pac. 396. The main case in this state, upon the proposition involved here, is the case of City of Pawhuska v. Pawhuska Oil & Gas Co. et al., 64 Okla. 214, 166 Pac. 1058, where the question seems to have been passed on by this court in the 5th and 6th paragraphs of the syllabus, which are as follows:

"The power to regulate the charges for public services by municipal corporations is the power which it was the intention of the framers of the Constitution should be exercised by the sovereign power only. Such power is inherent in the state, and is a necessary attribute of sovereignty. No specific authority having been conferred by the Constitution upon cities to fix and regulate the charges for gas in municipalities. the Legislature had the right to legislate thereon whenever in its judgment the public interest required such action. The power delegated to the city of Pawhuska to regulate charges for light and gas under section 593, Rev. Laws Okla. 1910, was such a grant of power as could be taken away from said city by the Legislature and conferred upon the Corporation Commission, as done by chapter 93, Session Laws 1913. The order of the Corporation Commission establishing rates for gas to be charged consumers in the city of Pawhuska by the Pawhuska Oil & Gas Company, and requiring the installation of meters, is a valid order under said act, and said order of the commission is not repugnant to section 15, art. 2, of the Constitution of Oklahoma, nor to section 10, art. 1, of the Constitution of the United States.

"Section 7, art. 18, of the Constitution of Oklahoma, expressly prohibits the surrender by the legislative branch of the state government of the power to regulate the charges for public services."

This case was appealed to the Supreme Court of the United States, and there affirmed in an opinion found in volume 250 U. S. 394, 63 L. Ed. 1054, in which the precise question involved in this case was finally determined as follows:

"As respects grants to municipalities of governmental authority—and such is the authority to regulate the rates charged to a city and its inhabitants by a gas company— the power of the states is not restrained by the contract clause of the Constitution.

"A city contended that, at the time when it granted a franchise to a gas company to use the streets and supply gas to the city and its inhabitants, the city alone had authority to regulate the charges and service thereunder within its municipal limits; that the Legislature could not transfer that authority to a state commission consistently with the state Constitution; and that in consequence a later act of the Legislature, and an order of the commission thereunder,

changing the service and increasing the rates, impaired the obligation of the franchise contract between the city and the company. Held, that no question was presented under the contract clause affording this court jurisdiction to review a judgment against the city by the state Supreme Court."

In the case of the City of Tulsa v. Oklahoma Natural Gas Company, 4 Fed. (2nd Ed.) 399, which was appealed to the Supreme Court of the United States and the appeal dismissed by said court (269 U. S. 527), it was held to be a well-established rule that a municipal corporation is but a political subdivision of the state, and, being a mere creature of the state, the powers may be enlarged, modified, or diminished by the state, without its consent, and the action by the state in so doing affords no grounds for the application of the contract or due process clauses of the federal Constitution against a state in favor of its own municipalities. The state may revoke, enlarge, or set aside the acts of its own municipalities, and, in the opinion, it is said that the contract in question was modified as to rates by the order of the Corporation Commission with the consent of the gas company, and such modification was binding on the city, and in support of this proposition the following authorities were therein cited: City of Salem v. Salem Water, Light & Power Co., 255 F. 295, 166 C. C. A. 465; City of Trenton v. State of New Jersey, 262 U. S. 182, 43 S. Ct. 534, 67 L. Ed. 937, 29 A. L. R. 1471; Pawhuska v. Pawhuska Oil & Gas Co., 250 U. S. 394, 39 S. Ct. 526, 63 L. Ed. 1054; Laramie County v. Albany County, 92 U. S. 307, 25 L. Ed. 552; Hunter v. City of Pittsburg, 207 U. S. 161, 28 S. Ct. 40, 52 L. Ed. 151; City of Sapulpa v. Oklahoma Natural Gas Co., 258 U. S. 608, 42 S. Ct. 316, 66 L. Ed. 788.

While it appears to be unjust for a corporation or an individual to obtain a valuable right from a municipality to use its streets and alleys to establish its plant therein, and as a consideration therefor it is agreed, and the solemn agreement is written into the franchise, and after the corporation or individual has established its plant, then it is permitted to repudiate the agreement, yet the courts have justified the cancellation of the agreement upon the ground that the municipality is but an arm of the state, and in a case where public utilities are performing services to the public, the state, in the exercise of its sovereign power, has the right to regulate the charges and rates therefor, and in all the late decisions with regard to the question of rates to be charged by water companies,

or heat, light, and power companies, the state or its Corporation Commission has the right to change, modify, or annul any provision looking toward furnishing free water, gas, light or power. Winfield v. Public Service Commission of Indiana, 187 Ind. 53; City of Hillsboro v. Public Service Commission of Oregon (Ore.) 187 Pac. 617; Springfield Consolidated Water Co. v. City of Philadelphia (Pa.) 131 Atl. 716; New Orleans v. New Orleans Water Works Co., 142 U. S. 79. In the case of Pawhuska v. Pawhuska Oil & Gas Co., supra. the Supreme Court of the United States used this language concerning the cases cited therein:

"The principles announced and appl'ed in these cases have been reiterated and enforced so often that the matter is no longer debatable."

We are therefore compelled to follow the law as settled by the decisions, and to sustain the finding of the Corporation Commission of date of November 17, 1921, which was never appealed, and to reverse the judgment of the lower court, with instructions to dissolve the injunction and to render judgment in favor of the defendant for the amount prayed for in defendant's answer, together with its costs incurred.

By the Court: It is so ordered.

Note.—See under (1) 28 C J. p. 560, §21; p. 576. §39. (2) 12 C. J. p. 912, §422; 28 C. J. p. 573, §36; p. 574, §37 (Anno) : p. 575, §38; p. 576, §39. (3) 12 C. J. p. 912. §423; 28 C. J. p 573 §30 (Anno). (4) 12 C. J. p. 912, §422 (Anno) ; 28 C. J. p. 576, §39.