## THE COUNTY OF NASSAU, APPELLANT, vs. MARK W. DOWNIE, APPELLEE.

1. In 1876 there was no statute making a bill incurred for the board of jurors engaged in the trial of a capital felony a charge against the county in which the trial happened, nor was the board of bailiffs in whose charge such jurors were a charge against the county.

2. In order to constitute a charge against a county, the thing for which it was incurred must be authorized by law. No officer can bind either the state or county, unless there is authority, either expressed or necessarily implied, given by law to make the contract sought to be enforced.

Appeal from the Circuit Court for Nassau county.

Downie, the appellee, recovered judgment against the county of Nassau for $655.40, and the county appealed. The other facts necessary to the full understanding of the opinion of the Court are stated in it.

*John Friend* for Appellant.

*Cooper & Ledwith* for Appellee.

MR. JUSTICE WESTCOTT delivered the opinion of the court..

At the spring term, A. D. 1876, of the Circuit Court for Nassau county, in the trial of Harney Richard, charged with a capital felony, the jury, by order of the court, were kept together, and under the order of the court, the sheriff furnished board to the jury and to the two bailiffs in charge. This is an action of assumpsit brought by respondent against the county of Nassau for thirteen and one-fourth (13¼) days' "board." of these jurors and bailiffs, his bill being approved by the Judge of the Circuit Court for the sum of $618.30.

The simple question here is, is the county of Nassau liable for this bill?

*First.* As to the matter of the board of bailiffs.

Under Chapter 1981, page 36, Acts of 1874, the law controlling the subject, the sheriff is allowed " for actual and necessary expenses incurred in the arrest, safekeeping or punishment of prisoners or criminals, such allowance as either the judge or the justice from whose court the process issues, shall deem just; *provided, however*, that there shall not be allowed for bailiffs more than one dollar per day." As we show in the subsequent portion of this opinion, this is the only statute then controlling the subject, the act of 1825, chapter 45, page 118, Acts, having, in so far as this matter is concerned, been repealed by chapter 1815, and not revived by chapter 1981. Under this act it is contemplated that the bailiff will board himself. The sheriff, as the representative of the county or State, (it is unnecessary to decide which,) is authorized to employ a bailiff at a stated price. The expense of the board of this bailiff is a necessary expense of his own. It is no more an expense of the court, contingent or otherwise, within the meaning of the statute, than is the board of the sheriff or clerk. The sheriff is authorized to incur expense for the per diem of a bailiff;

he is not authorized to pay a per diem and his board. This is a charge not authorized by law, and no officer can bind either the State or county, except where there is authority, either expressed or necessarily implied, given by law to make the contract sought to be enforced.

*Second.* As to the matter of the board of jurors.

Some of the earlier statutes may have permitted a construction which would have authorized the sheriff to incur and the Judge to allow this expense, (chap. 47, Laws, Thomp. Dig., 438 and 9 ;) but the act approved June 6, 1870, Chap. 1815, which was an act regulating the pay of jurors and witnesses, as well as the matter of the contingent expenses of the courts and the pay of sheriffs, expressly provided that it should " be unlawful for any officer to charge or collect a greater sum of money than herein authorized to be charged for the services herein designated, *or to make any charge whatever except that in this section prescribed.*" Under this act, so far as contingent expenses were concerned, the sheriff was allowed only such actual and necessary expenses as he incurred in the " *arrest, safe-keeping* and *punishment* of criminals," as the judge from whose court the process issued snould deem just. It is plain that the pay for board of jurors was not within the meaning of this act. An expense incurred in the arrest or safe-keeping of a criminal, and the term punishment here, meaning simply the execution of the sentence of the court, the expenses of a jury's board was not an expense, either actual or necessary, connected therewith. The board of a jury is not an expense incurred in the execution of the sentence of a court; in other words, the punishment of the prisoner. It has nothing to do with it; much less indeed than the board of the sheriff himself. This act, in addition, provided a per diem and mileage to be paid a juror for his services at the court, and for such service no one was authorized " to make any charge whatever," except as pre-

scribed in that act. This act was the result of a revision of all the acts upon the subject.

This act, (chapter 1815) without reviving (Thomp. Dig., 22) any antecedent act, was modified in some respects by chapter 1981, the act in force at the time this expense was incurred; but the power of the court in allowing contingent expenses, and the power of its officers in incurring such expense, was restricted, as under the previous act, to such actual and necessary expenses as were incurred in the arrest, safe-keeping, or punishment of criminals. As we have before stated, the board of a juror is not such an expense, and there is no authority of law in this statute for incurring it.

It was contended in argument that bailiffs and jurors were officers within the meaning of that clause of the Constitution which requires that each county shall make provisions for the support of its own officers.

While bailiffs and jurors may be officers within the meaning of that term as used in several fee bills, yet, within the meaning of the Constitution, they are not officers, either State, county, or municipal. Sec. 27, Art. IV., of the Constitution, requires that "the Legislature shall provide for the election by the people or appointment by the Governor, of all State, county or municipal officers not otherwise provided for by this Constitution," and neither a bailiff nor a juror is an officer named in the Constitution, nor are they elected by the people or appointed by the Governor.

We have omitted intentionally the discussion of the question whether a county can be sued in this State. The conclusion we necessarily reach here is that this is no proper or legal charge against the county. Whether it is a charge against the State is a question not here involved.

The judgment for the plaintiff is reversed, and the cause will be remanded with directions to enter judgment for the defendant, with costs.