W. G. PAYNE, APPELLANT, vs. WASHINGTON COUNTY, APPELLEE.

1. While a county may be sued for indebtedness, the indebtedness must be such as it may legitimately incur under express or clearly implied power given by statute, else it will not be liable.

2. The expense of advertising the delinquent tax list by the Tax Col-

lector of a county cannot fall upon a county, because he is not authorized by any statute, or by virtue of his being a county officer, to bind the county for such expense. The statute by providing that the payment shall be made from the proceeds of sale of the property advertised, excludes the notion of obligation on the county ; and obligation cannot be created by the fact that there was no sale under the advertisement.

3. A Tax Collector, though an officer of the county, acts both for the State and the county in the collection of the revenues, but cannot bind either for expense of advertisement of the delinquent tax list, unless the State should be bound by becoming the purchaser at the sale.

Appeal from   to the Circuit Court for Washington county.

The facts of the case are stated in the opinion of the court.

*Liddon & Carter* for Appellant.

### STATEMENT OF CASE.

Appellant, plaintiff below, sued the appellee, alleging in his declaration that he was, on February 1st, 1887, proprietor and publisher of a certain newspaper in said county, and that one John Roche was Collector of Revenue of said county. That said Collector made out a statement of all lands upon which taxes were unpaid for the year 1886 as required by law, which statement was published by plaintiff in his newspaper as required by law. That for his service his legal fees were $1,104, which defendant by reason of the matters aforesaid became liable to pay, but refused to pay.

The second count was for work and labor done, &c., in and about the publication of a notice for the sale of lands for unpaid taxes for 1886.

The third count was a common count for work and labor done, &c.

Defendant filed its pleas to the declaration ;

1st. Denying any contract as alleged.

2d. That defendant is not indebted as alleged.

3d. That the claim sued upon was never audited and allowed by defendant.

Plaintiff moved to strike the second plea as being forbidden by rule of court, and subject to this motion demurred to the three pleas. This demurrer was sustained by the court to the second and third pleas, but the court held the demurrer to reach back to the declaration and thereupon gave judgment against the plaintiff on the first and second counts of his declaration, granting leave to amend.

October 28th, 1887, plaintiff amended the first count of his declaration so as to show that the advertisement was published by plaintiff at the Collector's request and that the lands were not sold by reason of a double assessment having been made of the same, the taxes having been paid upon one assessment, of which plaintiff was ignorant.

Defendant demurred to the amended declaration, which was sustained by the court. Plaintiff refused to further amend upon the first and second counts of his declaration and took a non-suit upon the third count, whereupon the court dismissed the case, and entered judgement against plaintiff for costs, from which this appeal is taken.

### ARGUMENT.

The assignment of errors alleges that first, the court erred in giving judgment against plaintiff on the first and second counts of the declaration, upon his demurrer to defendant's pleas.

Conceeding that the demurrer of plaintiff to defendant's pleas reached back to the declaration, we consider the first error alleged.

Appellant contends that the facts set up in the declara-

tion sufficiently show defendant's liability. The statute provides that the work shall be done, the manner and the compensation. But it does not in express terms declare who shall pay for it. Sec. 48, Chap. 3413, Laws of Florida, Acts 1883.

The court below proceeded upon the theory that payment could not be enforced from the county for the reason that the statute did not expressly provide that the county should pay. We contend that the statute authorizing the county through its agent, the Collector of Revenue, to make a contract for the performance of the services, necessarily implies an authority to the county to pay for the same, upon the same principle that an individual competent to make a contract is necessarily competent to perform the same. Any other construction would enable a county—a quasi Municipal Corporation—to do that which in an individual would be unlawful and wrong.

There is no question that a county may become liable to action upon an implied contract or upon a legal implication when properly made. Dillon on Municipal Corporations 3d Ed., sections 459-60, and authorities cited. Note to Gillman vs. County of Contra Costa, 68, Am., Dec. 293.

An examination of our statutes shows that the services performed by plaintiff were such as the county is authorized to have performed, and for which it is liable. The county not only levies and collects its own taxes, but is the agency through which the State collects its revenue. The Collector is a county officer, elected by the county, whose bond is approved by the County Commissioners. Sections 6 and 7 of Article VIII, Constitution 1885.

The effect of the act of 1883, and the Constitution of 1885, is to place the burden and the duty of collecting all revenue, both State and county, upon the county, to be performed by its proper officers and agent. For instance,

the County Commissioners review and equalize the assessment, have power to order the clerk to assess in certain cases, examine and correct the tax books, annex a warrant to the roll, allow the Collector's accounts for errors, double assessments, insolvencies, &c., and the compensation of the Collector for collection of county taxes. Secs. 17, 27, 28, 29, 30, 33, 34, 63 and 64, Chap. 3413, Acts of 1883.

The Collector is the agent of the county to collect these taxes, and have the advertisements of tax sales published, and his action in the matter binds the county. As to the general liability of the county for printing done for it, or upon a contract of the character sued upon, see Crump vs. Supervisors, 52 Miss., 107, text page 111 and 112; Thacher & Stephens vs. Coms. Jefferson County, 13 Kans., 182, text page 188; Township of Center vs. Gilmore, 31st Kans., 675; U. S. Digest, Vol. 4, new series, Secs. 704, 715, 725, 726 and 727, Title Counties.

That a county is liable for advertisement of lands for taxes, see Sec. 726, U. S. Digest cited above; Randall vs. Yuba County, 14 Cal., 219; Folsom vs. County of Chicago, 28 Minn. 324.

The last case cited also informs us as to the sufficiency of the declaration in a case of this kind.

In the case of Moon vs. Commissioners of Howard county, 97 Ind., 176, a case similar in character to this, it is said in substance, that one claiming for services rendered a county, must show either a contract with the proper officer, or a statutory provision upon the subject. In this case we meet both requirements, having the contract and the authority of the statute.

We do not think there can be a question as to the second count of the declaration. It is a common count for work and labor done, a little fuller than the statute requires, and broadly presents the question whether a county can ever

become liable under any circumstances for an advertisement of lands for unpaid taxes.

2d. On the second assignment of error. It cannot be said that the county is not liable to plaintiff on account of the double assessment on the tax books. While it is dehors the record, we cannot refrain from saying that the allegations in reference to this double assessment were not inserted in the amended declaration from any opinion of counsel that they in any way affected the issues in the case. The appellant seeing the necessity of an appeal on account of the judgment upon demurrer to defendant's pleas, and foreseeing the question that the double assessment would probably become an issue by being pleaded by the defendant, and desiring if possible to have the whole question disposed of on one appeal, amended his declaration accordingly. The questions of the double assessment and the liability of the lands to be sold for taxes were not for the plaintiff to decide, but for the defendant through its proper officer. The defendant had every means of determining this question, but plaintiff had none. It does not affect the question that the defendant received no actual benefit from the advertisement, provided the contract was legally made, without fraud or collusion between the plaintiff and the Collector. Comrs. Morgan Co. vs. Holman, 34 Ind., 256 ; Raymond vs. County Comrs. 18th, Minn., 60, text page 63.

If there was any insufficiency in the 1st count of the declaration in that it did not allege that the advertisement was inserted at the request of the Collector, it was cured by the amendment, which did so charge.

*Daniel Campbell* for Appellee.

The appellant in this court, who was the plaintiff in the

court below, sued the county of Washington, and alleged in his declaration indebtedness, on account of publishing list of tax sales of lands. The 1st and 2d counts of his declaration alleged this, the defendant filed pleas and a demurrer was interposed by plaintiff to defendant's pleas; the court held that the demurrer reached back to the declaration and gave judgment against plaintiff on 1st and 2d counts of declaration, and gave plaintiff leave to amend. Plaintiff amended 1st and 2d counts, and defendant demurred to 1st and 2d counts of amended declaration, and assigned as cause of demurrer, "amended counts of declaration constitutes no cause of action against the county of Washington." The court by its judgment sustained the demurrer. The plaintiff appealed, and assigns as errors the following :

The court erred in giving judgment against the plaintiff on 1st and 2d counts of his declaration upon demurrer to defendant's pleas.

2. The court erred in sustaining defendant's demurrer to the plaintiff's amended declaration. We think the court made no error in its judgment in either cause assigned. This court has decided that a demurrer to pleas, however bad the pleas may be, reaches back to the declaration. Murphy vs. The City of Jacksonville, 17th Fla., 318.

The court below, we think, made no error in sustaining demurrer, 1st and 2d counts of the amended declaration, because the statutes of Florida make it the duty of the Board of County Commissioners to audit and allow all claims against the county. Sec. 13, page 319, McC.'s Dig.

And the claimant may appeal from the order of the Commissioners refusing, &c. Sec. 17, page 318, Id.

The claimant should have proceeded by mandamus to compel the Commissioners to perform their duty. Mandamus is a proper remedy to compel corporations and pub-

lic officers to perform their duty. Bouvier's Law Dictionary, 2d vol., and authorities quoted; 41 Me. ; 3d Indiana, 452.

What will constitute a cause of action? "It is the right to bring an action which implies that there is some person in existence who can assert, and also a person who can lawfully be sued, (Bouvier's Law Dictionary). It is synonymous with right of action and right of recovery; a declaration which fails to show a right of recovery, fails to show a cause of action. It is composed of the right of the plaintiff, and the obligation, duty or wrong of the defendant. Neither the plaintiff's original nor amended declaration show a duty, wrong or obligation of the county of Wash-. ington. We contend that the sole question presented by this case is whether Washington county is legally liable to the plaintiff for publishing the list of tax sales furnished by the Collector of Revenue. The amended declaration alleges that the lands were not sold, for the reason that they were double assessed, showing plainly that the Collector had no legal authority to advertise them. Acts of 1883, page 31, section 50.

This court, in the case of Nassau County vs. Downie, de - cided what is necessary to constitute a claim against the county. 16 Fla., 171.

In the case at bar the statute, impliedly at least, forbids the advertising the lands upon which taxes have been paid.

The legal presumption that all the acts of an officer are correct, does not apply to officers acting under a special statute. No intendment is to be made in favor of a special delegated power, whether appointed for a special or public purpose, all the proceedings must be regular. This court, in the case of Dixon vs. Gamble, left the question undecided as to the relation existing as between the Tax Collector .

and publisher in advertising lands for sale.   We think the
ruling of the court below should be affirmed.

MAXWELL, J.:   During February of 1887, the Tax Co
lector of Washington county procured publication of the
delinquent list of tax-payers in a newspaper owned and pub-
lished by appellant.   The charge for publication not hav-
ing been paid, appellant sued the county to recover the
amount claimed thereon.   The proceedings in the case re-
sulted in a judgment for the defendant (appellee here), and
in the appeal now before us.   Without reference to the
manner in which the proceedings and the rulings of the
court present the controversy between the parties, it is
enough to say that the decisive question involved, as elimi-
nated from the record and the assignment of errors, is,
whether the county is liable for the expense of the publica-
tion ?

Since the statute of 1881 (McClellan's Dig., 319, sec. 21,)
there has been no question as to the right of suit against a
county by any one to whom it is legimately indebted.   But
what constitutes legitimate indebtedness depends upon the
power and authority given to counties by statute to make
contracts and incur liabilities.   A county cannot be bur-
dened with expense or debt except so far as the power is
given therefor, either expressly, or by clear implication
from some other power expressly given.   Being the crea-
ture of statute, the extent of its action towards incurring
liability must be limited by statute.   See County of Nas-
sau vs. Downie, 16 Fla., 171 ; Note to Gilman vs. County
of Contra Costa, 68 Am. Dec., 291 ; Claiborne County vs.
Brooks, 111 U. S., 400; Askew vs. Hale County, 54 Ala.,
639.; Simpson v. Lauderdale County, 56 Ala., 84 ; Moore
vs. Commissioners of Howard County, 97 Ind., 176.

With this law to guide us, where is to be found in the

statutes of the State the authority in Washington county to make itself liable for the expense of publishing the delinquent tax list? There is certainly no express power given to incur such a debt. But it is claimed to be an obligation of the county because the Tax Collector is a county officer, and is authorized by law to make such publication, and in doing this is the agent of the county. As put by the counsel for appellant, "the statute authorizing the county through its agent, the Collector of Revenue, to make a contract for the performance of the services, necessarily implies authority to the county to pay for the same." In connection with this it is said, "there is no question that a county may become liable to action upon an implied contract, or upon a legal implication when properly made." This last proposition is undoubtedly correct, but it still leaves open the question, whether the Tax Collector is such agent of the county as to bind it for the kind of publication in question. We think not. The fact that he is a county officer, does not make him an agent of the county for such purpose. His business is to collect taxes for the State, as well as for the county, and in his official capacity he is acting as much for the one as for the other. In Philadelphia vs. Martin, 125 Penn. St., 583, where the matter was one involving a similar question as to the character of the Revenue Collector, it was held that "in acting for the commonwealth in the collection of its revenues and accounting for the same, (he) performs distinct and separate duties imposed upon him by law, and in such services he does not act in his capacity as a county officer, but as the officer, agent or employee of the commonwealth." So it is here. But our statute gives the Collector no authority to bind either the county or the State, and there is no implication to be drawn from it that he can bind either. On the contrary, it provides a mode of payment, which excludes all

implication of liability in any other quarter. Here are the provisions in regard to publication under the act of 1883, which was in force as applicable to the case at bar :

" If the taxes upon any real or personal estate shall not be paid on or before the first day of February of any year, and resort therefor is made upon real estate, the Collector shall advertise and sell in the manner hereinafter provided. He shall make out a statement of all such real estate, specifying the amount due on each parcel, and of all unpaid taxes of such party, together with the costs of advertising and expense of sale, and such advertisement shall be published," &c. Laws of Florida, 1883, sec. 48, p. 33. In the same section is prescribed the form of notice of sale, which is that " the following described lands will be sold * * *, or so much thereof as will be necessary to pay the amounts due for taxes herein set opposite to the same, *together with costs of sale and advertising.*" And in another section of the act (49) providing for the sale proceedings, it is directed that the sale shall continue from day to day until so much shall be sold " as shall be sufficient to pay the taxes, *costs and charges thereon ;* and in case there are no bidders the whole tract shall be bid off by the Collector for the State." So, it is apparent that the advertising and other costs and charges of sale were to be paid for out of the proceeds of sale ; and apparent further, in the absence of other applicable statute, that neither by express provision, nor by any possible implication from express provision, can it be said that the Collector had authority, even admitting his agency for the county, to bind it for the charge sued on. Nor, it may be well to say, can the State be bound in such case, unless it should become the purchaser at the sale.

It appears in the case that the publication of the delinquent list in controversy was made by mistake, in this, that the same lands had been assessed to other parties, and it was

therefore a double assessment, and that upon ascertainment of this the Collector did not sell the lands advertised. The statute provides a mode for avoiding such a contingency as this, in the authority given to the officials of the county to correct such assessment; but if the correction is not made that does not alter the question of liability for the advertisement, for if the county cannot be bound to pay for an advertisement properly made, most surely it cannot be bound to pay for one improperly made.

The cases cited by counsel to show that a county is liable for advertisement of lands for taxes, are cases where the statute expressly made it liable.

Holding that Washington county is not responsible for the expense of the advertisement sued on, the judgment of the Circuit Court is affirmed.