PERRY COUNTY v. CONWAY COUNTY.

1. COUNTIES: *Claims against under special statutes.*

Under a special statute providing that a county which has received territory detached by a previous act from another county, shall be liable to the latter for a just proportion of its debt, existing at the date of the segregating act, to be allowed on a claim presented to the County Court, it is not necessary to authenticate such claim in the manner required by the general statute, in case of ordinary demands against counties, if the special statute does not require it.

2. SAME: *Detaching territory of: Apportionment of debt.*

A county, by receiving territory detached by an act of the General Assembly from that of another county, is placed under a moral obligation to pay a just and equitable proportion of the latter's debt, existing at the time the act is passed; and where the act segregating the territory is silent as to such payment, the Legislature has power to provide for enforcing it by a subsequent enactment.

APPEAL from *Conway* Circuit Court.

G. S. CUNNINGHAM, Judge.

In 1873 the Legislature in creating the County of Faulkner, and fixing the boundaries of Conway County, attached to the latter territory formerly lying in Perry County. The act made no provision for the imposition of any part of the debt of Perry County upon Conway County.

By an act approved March 17, 1885, the General Assembly provided that Conway County should be liable to Perry County for a fair proportion of the debt of Perry County existing at the time its territory was given to Conway County. It was further provided that within two years from the date of the act Perry County, by its agent or attorney, might file its claim against Conway County in the Conway County Court, and it was made the duty of said court to examine the claim, upon legal testimony, and to allow so much thereof as was proven

to be justly due Perry County, within the time allowed by the act. Perry County filed the claim in the Conway County Court. It was not authenticated, as required by the general statute govering the presentation of demands against counties. ' The County Court rejected the claim, and on appeal to the Circuit Court a demurrer to the plaintiff's claim was sustained, and judgment rendered against it. From this judgment it appeals.

*J. F. Sellers*, for appellant.

1. The Legislature has power by enactment to provide for an adjustment, in the same act, of the prior indebtedness between the counties interested, and to provide the remedies for carrying the act into effect. *37 Ark., 339*, and cases cited; *73 N. C., 298; 54 Ala., 639; 2 Otto, 307*, and many others.

2. When the Legislature fails in the original act to so provide, as in this case (*Acts 1873, p. 86*), they may do so by subsequent act. *Acts 1885, p. 83; 16 Kans., 498; 28 Cal., 449; 42 ib., 446; 16 Gray (Mass.), 244; 95 U. S., 644; 1 Dill. Mun. Corp., secs. 63, 76, 189; Acts 1881, p. 102; Cooley Const. Lim. (4th ed.), top p. 81.*

*E. B. Henry*, for appellee.

The Legislature, when the original act does not so provide, cannot make an adjustment of the indebtedness of one county to another by subsequent act. It must be done in the act changing the boundaries, or creating the new county. *37 Ark., 339*, and the cases cited by appellant, are not applicable.

The act is unconstitutional. *Art. 5, sec. 25, Const. 1874; ib., art. 16, sec. 5.* This was a clear attempt on the part of the Legislature to exercise judicial functions.

SANDELS, J. It is objected by defendant county that the claim of Perry County was not authenticated, as required by the general statute in case of ordinary demands against counties. The special statute giving the right to sue upon this claim does not require it, and no principle of statutory construction

1. COUNTIES: Claims against.

makes it necessary. The only other question presented is. whether the act of 1885 is constitutional.

The power of the Legislature to alter and abolish counties; to erect new corporations in the place of the old; to divide and dispose of the property held by counties; to charge portions of the debt of the old county upon that receiving its detached territory, is everywhere conceded, and nowhere more emphatically than in this State. *Eagle v. Beard, 33 Ark., 497,* and cases there cited.

Upon general principles of law, if a part of the territory and inhabitants of a county be separated from it by annexation to another, or by the creation of a new county, the remaining part of the county retains all its property, and remains subject to all its obligations and duties. *Laramie Co. v. Albany Co., 92 U. S., 307,* and cases cited; *100 U. S., 514.*

The only debatable question is as to whether *the act segregating the territory* must impose such proportion of the debt of the old county upon the new one, or upon the county receiving the detached territory, as is equitable and just, or whether, where such act is silent as to this, subsequent legislation may make the imposition. This has been ruled differently in the courts.

The earlier doctrine (still followed by some courts) was that the act detaching the territory must apportion the debt, and that it could not be subsequentiy taken from the old and imposed upon the new county. *Hampshire v. Franklin, 16 Mass., 75; Bowdoinham v. Richmond, 6 Greenl., 112.*

2. SAME:    The better doctrine is, that the power of the Legislature to
Apportion- impose the debt of the one county upon another, depending
ment of debt
upon the existence of a moral obligation from the new county, or the county receiving new territory, to pay part of the old debt, the Legislature may so ordain whenever it finds the moral obligation to exist. *Stone v. Bird, 16 Kan., 489; Creighton v. San Francisco, 42 Cal., 446; Layton v. New Orleans, 12 La. Ann., 515; Laramie County v. Albany County, 2 Otto, 307; Ly-*

*coming v. Union, 15 Pa. St., 166; Guilford v. Supervisors, 3 Kernan, 143; New Orleans v. Clark, 95 U. S., 654; 1 Dillon Municipal Corp., sec. 189.*

The act in this case is less open to objection than those usually passed, since it makes Conway County liable for only such equitable proportion of the debt as can be established by legal evidence. The field is open to show, as against a proportion of the debt, the value of county property retained by the old county, and the equity of the imposition of any burden at all.

The demurrer should have been overruled.

Reverse and remand for further proceedings.