PINELLAS COUNTY et al., Appellants, v. HILLSBOROUGH COUNTY et al., Appellees.

Opinion filed Dec. 15, 1915.

1. Section 3 of Article VIII of the Constitution of 1885 prescribes the conditions on which new counties may be created as to the apportionment between the old and new counties of the existing liabilities of the county or counties from which such new county or counties may be formed, and where one county acquires additional territory from another the proportion of the liabilities of the latter to be assumed by the former.

2. Chapter 6247 Laws of 1911 providing for the creation of Pinellas County indicates no legislative intention to allow Pinellas County any interest in the county properties of Hillsborough County that may be located in the latter county.

3. In a suit by Hillsborough County against Pinellas County to ascertain the amount of the latter's part of the former's county indebtedness when the latter county was created and to compel the latter county by appropriate proceedings or the levy of taxes to raise funds to pay the indebtedness so found to be due, a decree requiring Pinellas County to levy annually a tax sufficient to pay off its pro rata share of the indebtedness of Hillsborough County ascertained to be due is not erroneous.

Appeal from Circuit Court, Pinellas County; F. M. Robles, Judge.

Decree affirmed.

*C. C. Whitaker* and *W. R. Rowland,* for Appellants;

*Dozier A. DeVane* and *H. S. Hampton,* for Appellees.

ELLIS, J.—A bill in chancery was filed in the Circuit Court for Pinellas County by Hillsborough County and the County Commissioners of that county against Pinellas County and its County Commissioners, to ascertain the amount of the latter's part of the Hillsborough county indebtedness when Pinellas county was created and established and to compel Pinellas county by appropriate proceedings, or the levy of taxes to raise funds to pay the indebtedness so found to be due.

The amended bill alleged in substance that prior to 1912 Pinellas county formed a part of Hillsborough

county; that by chapter 6247 Laws of Florida, Acts of 1911, Pinellas county was created out of territory which formerly constituted a part of Hillsborough county; that under the provisions of the act above it was the duty of the County Commissioners of Pinellas county to confer with the Board of County Commissioners of Hillsborough county and agree with said Board upon a plan or plans for the assumption by Pinellas county of its *pro rata* share of the indebtedness of Hillsborough county; that the Board of County Commissioners of Pinellas county had declined and refused to enter upon a plan or plans for the assumption by that county of its part of such indebtedness; that for the year 1911 the assessed valuation of the property in Hillsborough county was $19,171,860.00, and the assessed valuation of property in that part of the county which became the county of Pinellas for that year was $3,546,130.00; that on January 1, 1912, Hillsborough county had a large floating and bonded indebtedness which was alleged to be fully shown by an exhibit to the bill and marked exhibit "A," and that since that time Hillsborough county had paid a large part of that floating and bonded debt; that Pinellas county is responsible for and should pay as its part of the indebtedness of Hillsborough county the following sums: Floating indebtedness $22,365.33; Good Roads Bonds $48,829.44 with interest at 4 per cent as the same falls due according to the terms and conditions of the bonds, and the further sum of $1,294.76 as its pro rata share of the Court House Bonds with interest at 6 per cent according to the terms and conditions of the bonds; that the Board of County Commissioners of Hillsborough County had made demands on Pinellas County and its Board of County Commissioners for a settlement and ad-

justment of the amounts, but the Board of County Commissioners of that county had refused to allow the claim, or to pay it, or to suggest a plan for the payment of its part of the indebtedness. The prayer is that an account be taken under the direction of the court to ascertain what amounts are due by Pinellas county for principal and interest on account of its part of Hillsborough county's indebtedness and that Pinellas county be required by appropriate proceedings or by the levy of taxes to raise funds sufficient to dispose of the indebtedness found to be due, and for general relief.

The answer of Pinellas county and the County Commissioners admits the allegations of the amended bill, and avers that since the creation of Pinellas county there has been collected by taxation as provided by law a sufficient sum to create a sinking fund and to provide for the interest on any and all bonds or legal indebtedness that might have been created by Hillsborough county prior to the division of said county and that said interest and sinking fund as collected from taxation is now in the Treasury of the County of Pinellas and ready to be disbursed according to law under the direction of this court.

The eighth paragraph of the answer is as follows:

"8th. But these defendants, further answering said Amended Bill of Complaint, deny that Pinellas county should be compelled to pay any part or portion of said floating indebtedness of Hillsborough county, or assume any part or portion of the bonded indebtedness of said Hillsborough county hereinbefore mentioned, for the reason that at the time of the division of said counties, to-wit: on the first day of January, A. D. 1912, Hillsborough county owned in fee simple, a tract of land situate in the City of Tampa upon which is located the County

Court House, that said property, on the first day of Jan-
uary, A. D. 1912, together with the improvements there-
on, was worth $300,000.00 and that said County of Hills-
borough owned a certain tract of land situate in the City
of Tampa, upon which is located the County Jail, which
tract of land and the improvements thereon, on the first
day of January, A. D. 1912, was worth $40,000.00, and
that the County of Hillsborough, on the first day of Janu-
ary, A. D. 1912, owned a tract of land uopn which is
located the County Poor Farm, which tract of land, to-
gether with the improvements thereon, on the first day
of January, A. D. 1912, was worth $15,000.00, and that
the County of Hillsborough, on January 1st, A. D. 1912,
was seized and possessed of personal property of various
kinds and descriptions, which was worth, on the first day
of January, A. D. 1912, the sum of $5,000.00; that all
of the aforesaid described and mentioned property was
acquired by the County of Hillsborough prior to the first
day of January, A. D. 1912, and the same was paid for
by the said County of Hillsborough at the time Pinellas
county was a part and parcel of Hillsborough county.
That according to the assessed valuation of real and per-
sonal property in Hillsborough county for the year A. D.
1911, and the assessed value of property, both real and
personal, subject to taxation within the territory taken
from Hillsborough county by the creation of the County
of Pinellas, Hillsborough county's proportion of the debts
and interests in the several properties aforementioned, is
81.5035 per cent, and Pinellas County's proportion is
18.4965 per cent, and that Pinellas county is entitled to
have credited against any amounts claimed by Hillsbor-
ough county against it for its proportion of the floating
and bonded indebtedness, 18.4965 per cent of the value

VOL. 70, JUNE TERM, 1915.          509

Pinellas Co. et al. v. Hillsborough Co. et al—Opinion of Court.

of the County Court House, the County Jail, the Poor Farm and the aforesaid mentioned personal property, said valuation being as of the date of January 1st, A. D. 1912."

The complainants filed exceptions to so much of the defendants' answer as is embraced in the eighth paragraph above quoted, for impertinence. The exceptions were sustained, the defendants filed a replication, and the cause set down for hearing on the bill and answer, and the court entered the following decree:

"In the Circuit Court of the Sixth Judicial Circuit of the State of Florida, in and for Pinellas County. Hillsborough County et al. v. Pinellas County, et al.

This cause having come on to be heard upon the Bill of Complaint herein, the answer of the defendant thereto, the exceptions of the complainant to certain parts of said answer and the replication of the complainants to the remainder of said answer, and the said matter having been set down for argument before the court upon the bill and answer, after sustaining the exceptions to said answer, and the said defendant, Pinellas County, Florida, having by its said answer admitted its indebtedness to Hillsborough County, Florida, as set forth in said bill of complaint, and the court being fully advised in the premises, finds that the equities of the bill of complaint are with Hillsborough County, and that the sum due Hillsborough County, Florida, by said defendant is $22,365.33 as its pro rata share of the floating indebtedness of Hillsborough County, Florida; that said Pinellas County, Florida, is liable for its proportion of the Good Roads Bonds, heretofore issued by said Hillsborough County, Florida, to the amount of $48,829.44, together with interest at the rate of four per cent per annum thereon as the same falls due, according to the terms and conditions of said bonds;

and that the said Pinellas County, Florida, is further lia-
ble for its propotrion of the Court House Bonds of said
Hillsborough County, Florida, in the sum of $1,294.76,
with interest thereon at the rate of six per cent per an-
num, according to the terms and conditions of said bonds.

In consideration whereof, it is hereby ordered, ad-
judged and decreed, that Hillsborough County, Florida,
do have and recover of and from Pinellas County, Flor-
ida, the sum of $22,365.33, Pinellas' proportion of Hill-
borough county's floating indebtedness; and that said
Pinellas County, Florida, do assume said Hillsborough
County Good Roads Bonds in the sum of $48.829.44,
with interest at the rate of four per cent per annum there-
on as the same falls due, and that said Pinellas County,
Florida, pay to Hillsborough County, Florida, its said
pro rata share of said bonds as the same come due, to-
gether with interest thereon, as aforesaid; and that Pinel-
las County, Florida, further assume $1,294.75, which the
court finds is its proportion of the Court House Bonds
outstanding of said Hillsborough County, Florida, to-
gether with interest at the rate of six per cent per an-
num, thereon, according to the terms and conditions of
said bonds; and that Pinellas County, Florida, pay to
Hillsborough County, Florida, its said pro rata share of
said bonds, as the same come due, together with interest
thereon, as aforesaid.

It is further ordered, adjudged and decreed that
Pinellas County, Florida, by its Board of County Com-
missioners, do levy a tax in sufficient amount to pay off
and discharge its floating indebtedness to Hillsborough
County, Florida, and levy annually a tax sufficient in
amount to pay off and discharge its pro rata share of
the Court House Bonds, together with interest thereon,

as the same mature, until the final payment and discharge of said bonds; and also the cost of this suit to be taxed by the Clerk of this Court.

Done and ordered this 21st day of December, A. D. 1914.                    F. M. Robles, Judge."

From the final decree the defendants appealed.

It is contended by appellants that in adjusting the accounts between Pinellas and Hillsborough counties that the former county should be allowed in such accounting credit for its pro rata part of the value of the properties described in the eighth paragraph of the answer which were retained by Hillsborough county. These properties consist of the Court House, County Jail, County Poor Farm and certain personal property, all of which is alleged to be of the total value of $360,000.00, and as the portion of Hillsborough county's indebtedness due by Pinellas county is 18.4865 per cent, that the latter county should be allowed a credit on such indebtedness of that per centum of the value of the properties above described.

It is also contended by appellants that the decree was erroneous in that Pinellas county by its Board of County Commissioners was required to levy a tax in sufficient amount to pay off and discharge its floating indebtedness to Hillsborough county, and levy annually a tax sufficient in amount to pay off and discharge its pro rata share of the Court House Bonds, and interest thereon, as the same mature.

Upon the subject of the establishment and creation of new counties, Section 3 of Article VIII of the Constitution of 1885 provides as follows: "The legislature shall have power to establish new counties, and to change county lines. Every newly established county shall be held liable for its proportion of the then existing liabilities of

the county or counties from which it shall be formed, rated upon the basis of the assessed value of the property, both real and personal, subject to taxation within the territory taken from any county or counties; and every county acquiring additional territory from another county shall be held liable for its proportion of the liabilities of such other county existing at the time of such acquisition, to be rated upon the basis of the assessed value of all property subject to taxation within such acquired territory."

This section of the Constitution is at once a declaration of a legislative power and a limitation upon the power only so far as it prescribes the conditions on which new counties may be created as to the apportionment between the old and new counties of the existing liabilities of the county or counties from which such new county or counties may be formed, and where one county acquires additional territory from another, the proportion of the liabilities of the latter to be assumed by the former. See 7 R. C. L., Counties, §7; Perry County v. Conway County, 52 Ark. 430, 12 S. W. Rep. 877; County Commissioners of Talbot Co. v. County Commissioners of Queen Anne's Co., 50 Md. 245.

Sections 17 and 18 of Chapter 6247 Laws of 1911, providing for the creation of Pinellas county are the only two sections in the Act providing for the apportionment between the two counties of Pinellas and Hillsborough of the latter's indebtedness. Section 17 relates to the general indebtedness of the county, and Section 18 to the indebtedness of the Board of Public Instruction. There is nothing in these sections, or either of them, which indicates that it was the legislative intention to allow the new county, Pinellas, any interest in the county properties lo-

cated in and retained by Hillsborough county, except as to the surplus funds that Hillsborough county and its Board of Public Instruction may have had on hand on the first day of January, 1912. These surplus funds were required to be equitably divided between the two counties.

It is conceded to be the law that in the absence of a legislative intention to the contrary the county, from which a part of its territory has been taken to create a new county, retains all its property and remains subject to all its obligations and duties. Board of County Commissioners of Laramie Co. v. Board of County Commissioners of Albany Co., 92 U. S. 307, 23 L. Ed. 552; Mt. Pleasant v. Beckwith, 100 U. S. 514, 25 L. Ed. 699; Town of Depere v. Town of Bellevue, 31 Wis. 120; Eagle v. Beard, 33 Ark. 497; Board of Supervisors of Chickasaw Co. v. Board of Supervisors of Clay Co., 62 Miss. 325. See also County Commissioners of Columbia Co. v. King, 13 Fla. 451, text 472; Canova v. Commissioners of Bradford Co., 18 Fla. 512. We think therefore that the exceptions to the answer were properly sustained. Hunt v. Turner, 54 Fla. 654, 45 South. Rep. 509.

As to the second point presented by the appellants that the court erred in decreeing that the county of Pinellas should levy annually a tax sufficient to pay off its pro rata share of the indebtedness of Hillsborough county, we think the language of the decree cannot be construed to require the county through its County Commissioners to do any act or levy any tax not within the powers of the county through its Commissioners to do or levy.

The decree of the Chancellor is affirmed.

TAYLOR, C. J., and SHACKLEFORD, COCKRELL and WHITFIELD, JJ., concur.