BOARD OF PUBLIC INSTRUCTION OF MARION COUNTY, FLORIDA, *et al., Plaintiffs in Error,* v. MRS. C. W. CANNON, JOINED BY HER HUSBAND, C. W. CANNON, *Defendants in Error.*

Opinion Filed May 13, 1922.

A person employed by the Board of Public Instruction of a county to teach a certain named school "as assistant, or such other public school as the Board may elect, commencing on the 6th day of October, 1919, for the term of seven months" has no cause of action against the County Board of Public Instruction for breach of contract where the school is closed before the expiration of the term for which she was employed, if upon the closing of the school she departs from the county without notice to, or authority or instructions from the County Board, and makes no effort to be assigned to any other school in the county.

A Writ of Error to the Circuit Court for Marion County; W. S. Bullock, Judge.

Judgment reversed.

*F. R. Hocker* and *Hocker & Martin,* for Plaintiffs in Error;

*T. S. Trantham* and *W. K. Zewadski,* for Defendants in Error.

BROWNE, C. J.—Mrs. C. W. Cannon had a contract with the Board of Public Instruction of Marion County to teach in "Public School No. 26 at Fairfield, as assistant, or such other public school as the board may elect, commencing on the 6th day of October, 1919, for the term of seven months."

Other terms contained in the contract are not necessary to the decision of this cause.

She taught in the public school at Fairfield, until the 10th day of January, 1920, when the school was closed, and Mrs. Cannon returned with her husband, who was the principal of Fairfield school, to her home in Suwannee County.

At the expiration of the term of seven months, which she had contracted with the school to teach, she brought suit against the Board of Public Instruction of Marion County, for salary from the 10th of January to the 6th of May, basing her claim upon an alleged breach of contract by the Board of Public Instruction, in discharging her without reasonable or just cause, and recovered a judgment, which is brought here by the Board of Public Instruction for review on writ of error.

There are a number of assignments of error, several of which present reversible errors, but as the 17th assignment,—"that the court erred in refusing defendants' motion that it instruct the jury to find for the defendants,"—goes to the very root of the case, we will dispose of it on that assignment.

After the school had been in operation for about three months, a controversy or difference arose between Mr. Carn, Superintendent of Public Instruction of Marion County, and the principal of the school, Mr. Cannon, the husband of the plaintiff, as a result of which the school was closed.

The conflict between Mr. Cannon's testimony and that of Mr. Carn, as to why the school was closed, is not material, as the reason for closing the school in nowise affects Mrs. Cannon's rights or duties under the contract.

The controlling facts are that Mrs. Cannon agreed "to teach in the Public School No. 26 at Fairfield as assistant, or such other public school as the Board may elect," "for the term of seven months;" after teaching about three months, the Fairfield school was closed; thereupon Mrs. Cannon voluntarily left Fairfield and returned to her home in Suwannee County, thus depriving the Board of Public Instruction of Marion County of her services for the balance of the term of the contract of employment.

Mrs. Cannon's testimony as to what occurred is as follows: "I came to Fairfield in the fall of 1919, at the time said school was opened, and taught there pursuant to said contract for a period of about three months, or until said school was closed in January, 1920. My husband, C. W. Cannon, was principal of said school, and he closed up said school pursuant to what he said were instruc-

tions from the Superintendent of Public Instruction of Marion County, Florida, about January 10, 1920.

"That after said school was closed, I made no effort to secure other employment as a school teacher in the vicinity of Fairfield, but returned to Suwannee County with my husband, C. W. Cannon. I never communicated with the Board of Public Instruction of Marion County, Florida, in any way, nor did they communicate with me, other than that after I had gone to Suwannee County, I sent them a bill for my salary at the end of each month. I never saw Mr. Brinson sign the contract. There was another teacher at said school in addition to my husband and myself. This teacher was a lady, and after the school was closed down, she was given other employment by the school board."

There was no breach of the contract by the Board of Public Instruction.

What ever might have been Mrs. Cannon's rights under the contract had she remained in Fairfield subject to future assignment by the Board, either in the school at Fairfield when re-opened, "or such other public school as the Board of Public Instruction might elect," that issue is not presented here.

When the school was closed, Mrs. Cannon left Marion County and returned to her home in Suwannee County, thus by her own voluntary act depriving the Board of Public Instruction of her services for the remainder of the term of her contract.

If this action by Mrs. Cannon was not a breach of the contract, it amounted to a voluntary surrender of whatever rights she had under it.

We think, therefore, that the request for a directed verdict for the defendant, should have been granted.

The judgment is reversed.

TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.