GEORGE F. YOUNG AND R. G. MERRIN, COPARTNERS AS
YOUNG-MERRIN COMPANY, *Plaintiffs in Error*, v. DIXIE
COUNTY AND DIXIE HIGHWAY SPECIAL ROAD AND BRIDGE
DISTRICT OF DIXIE COUNTY, *Defendants in Error*.

Division A.

Opinion Filed June 5, 1925.

1. In the creation of new counties the Legislature need not
   ascertain what proportion of the liabilities existing against
   the county or counties out of which the new county is formed
   shall be assumed by the latter. If the Legislature · makes
   suitable provision for ascertaining such proportion of indebt-
   edness which . the new county shall assume according to the
   formula prescribed by Section 3 of Article VIII of the Con-
   stitution, it will be sufficient.

2. A demurrer to a declaration in an action against a county
   which declaration contains common counts should be over-
   ruled.

A Writ of Error to the Circuit Court for Dixie County,.
M. F. Horne, Judge.

Judgment reversed.

*Geo. W. Scofield*, for Plaintiffs in Error;

*W. B. Davis* and *W. P. Chavous* for defendants in error.

ELLIS, J.—This was an action by the plaintiffs in error
in the Circuit Court for Dixie County against Dixie
County and H. D. Allen, G. J. Ford and E. H. Sauls as
trustees of Dixie Highway Special Road and Bridge Dis-
trict of Dixie County upon a contract made and entered
into between the plaintiffs and the Board of County Com-
missioners of Lafayette County "acting for and on behalf

of" Dixie Highway. Special Road and Bridge District of Lafayette County.

Under the contract the plaintiffs were employed as "engineer in charge of the construction" of highways which the County of Lafayette was then "about to have built" in that County. The work which the plaintiffs were to perform and the compensation to be paid them was set forth in their written proposition submitted to the Board of County Commissioners in January, 1920, and accepted by the Board under resolution adopted the same day.

The work was completed by the plaintiffs according to the agreement and they were paid the amount due them under the agreement except the sum of $2,202.34, which balance remaining due was approved on June 6, 1921, by the trustees and Board of County Commissioners of Lafayette County and ordered paid "when funds were available in the Special Road and Bridge District for that purpose."

In April, 1921, the legislature, by Chapter 8514, Laws of Florida, created the county of Dixie from a portion of the territory embraced in the county of Lafayette, which portion embraced the entire territory covered by the Dixie Highway Special Road and Bridge District. The Act went into effect April 25, 1921. The contract was completed by plaintiffs and the indebtedness created, if any at all, before the Act became effective.

The action against Dixie County rests upon the assumption that the Act creating the new county *ipso facto* cast the liability for the balance due the plaintiff under the contract upon that county.

Section 20 of the Act provides that: "It shall be the duty of the Board of County Commissioners of Dixie County, Florida, not later than October 15th, 1921, to

hold a conference with the Board of County Commissioners of Lafayette County, Florida, and agree with said Board upon a plan for the assumption by Dixie County, Florida, of its pro rata share of the indebtedness of Lafayette County, Florida, and also upon an equitable division of the surplus funds that Lafayette County, Florida, may have on hand, or that may be owing to Lafayette County, Florida, on the first day of June, 1921.''

Section 3 of Article VIII of the Constitution upon the subject of the establishment and creation of new counties provides that: ''The Legislature shall have power to establish new counties, and to change county lines. Every newly established county shall be held liable for its proportion of the then existing liabilities of the county or counties from which it shall be formed, rated upon the basis of the assessed value of the property, both real and personal, subject to taxation within the territory taken from any county or counties; and every county acquiring additional territory from another county shall be held liable for its proportion of the liabilities of such other county existing at the time of such acquisiton, to be rated upon the basis of the assessed value of all property subject to taxation within such acquired territory.''

In the case of Pinellas County v. Hillsborough County, 70 Fla. 504, 70 South. Rep. 558, this Court held that the quoted section of the Constitution is at once a declaration of a legislative power and a limitation upon the power only so far as it prescribes the conditions on which new counties may be created as to the apportionment between the old and new counties of the existing liabilities of the county or counties from which such new county or counties may be formed and when one county acquires additional territory from another the proportion of the liabilities of the latter to be assumed by the former.

VOL. 89, JANUARY TERM, 1925.    513

Young & Merrin v. Dixie County Spl. Rd. Dist.—Opinion of Court.

The legislature need not ascertain such proportion of liabilities to be assumed by the new county. If it makes suitable provision for ascertaining such proportion of indebtedness the constitutional conditions will be met. The amount of the liability to be assumed by the new county is a fact to be ascertained by mathematical calculation according to the formula prescribed by the Constitution. The Constitution does not prescribe, nor did the Legislature in creating the county of Dixie require, any particular indebtedness of the county from whose territory the new county was created to be assumed by the latter county but only that proportion of the entire indebtedness which the assessed value of property, real and personal, subject to taxation within the territory taken from the old and embraced in the new county bears to the assessed value of such property in the old county at the time the new was created. Such proportion of indebtedness is an obligation created upon the new county in favor of the old from whose territory the former was created.

In the absence of a contrary intention existing in constitutional provision or legislative enactment the old county retains all its property and remains subject to all its obligations and duties. See authorities cited in Pinellas County v. Hillsborough County, *supra*.

The declaration in this case was amended by eliminating the trustees of the road district. Demurrers by Dixie County to the first count of both the original and amended declarations, which declared specially upon the contract, were sustained, as were also demurrers to the second and third counts which were common counts. The demurrer of the Trustees of Dixie Highway Special Road and Bridge District of Dixie County to the first declaration was also sustained.

The order of the count sustaining the demurrer, insofar

17—Vol. 89.

as they were addressed to the special counts, was correct and is affirmed, but insofar as such demurrers were addressed to the common counts they should have been overruled because a county may become liable to action upon an implied contract. See Payne v. Washington County, 25 Fla. 798 (text 807), 6 South, Rep. 881.

The common counts however cannot be sustained by evidence of the existence of a contract with the county of Lafayette. No authority exists in the law for the assumption by Dixie County of such indebtedness except under the plan defined by the Constitution and Section 20 of Chapter 8514, *supra*, and in that case the obligation will be to Lafayette County and not to the plaintiffs.

The judgment is reversed with directions to overrule the demurrers insofar as they apply to the common counts.

WEST, C. J., AND WHITFIELD AND TERRELL, J. J., concur.