JOSEPH E. KELLY, *Plaintiff in Error*, VS. THE BOARD OF PUBLIC INSTRUCTION FOR THE COUNTY OF BAKER, STATE OF FLORIDA, a body corporate, *Defendant in Error*.

141 So. 311.

En Banc.

Opinion filed May 3, 1932.

*Knight & Knight*, for Plaintiff in Error;
*Walter A. Dopson*, for Defendant in Error.

BUFORD, C.J.—Plaintiff in error sued the defendant in error for breach of contract, under which contract plaintiff in error was employed by the defendant in error as a teacher in the public schools of Baker County.

The contract was attached to and by apt words made a part of the declaration. There was a demurrer to the declaration which was sustained and final judgment was entered on demurrer to which judgment writ of error was sued out.

Neither the brief filed in behalf of plaintiff in error nor that filed in behalf of defendant in error states the questions of law which are really involved here. The plaintiff in error contends that the question of law presented here is whether a Board of Public Instruction, having made a contract with a teacher for the stipulated term, may terminate the employment of the teacher before the end of the contract term either with or without cause.

The defendant in error contends that the sustaining of the demurrer is necessarily an adjudication that a school

teacher, having contracted with a Board of Public Instruction for a designated term, the term not exceeding the current school year for which the contract was made, may be discharged by the Board of Public Instruction at any time without cause and cannot maintain a suit for the breach of contract.

Section 454 R. G. S., 561 C. G. L., in sub-paragraph 6 thereof, specifically authorizes County Boards of Public Instruction to employ teachers for every school in the county and to contract with and pay the same for their services. This provision of the statute is ample authority for the County Board of Public Instruction to enter into contracts with teachers for employment during the ensuing school year or term if the contract be made prior to the opening of the school or to enter into such a contract during any school term for services to be performed during the then current term. Such contracts are necessary and incident to the operation of public schools and, for the contract to be of any value, the teacher contracting must, of course, have the power to enforce the contract and to recover damages for the breach thereof and, therefore, if damages accrue by reason of the breach of the contract such damages is incident to the expense of operating the public schools. It would be entirely unreasonable to say that the law authorizes the Board of Public Instruction to make a solemn contract with a teacher and then provides that the teacher should be without remedy as against the contracting party in its official capacity to enforce the contract or to collect the damages incident to its breach.

The first question for us to consider is whether or not the declaration as presented is sufficient to withstand demurrer. The declaration, as heretofore stated, by apt words made the contract a part thereof, but the declaration did not allege that the plaintiff had complied with

and performed each and every of the stipulations in the contract contained upon his part to be performed. The declaration does state that, "Plaintiff entered upon and performed the obligations upon his part to be performed and taught under said contract in the said schools of Baker County, Florida, and that at certain of its schools located in Special Tax School District No. 1, at Macclenny, until and including January 9, 1931," and further alleges that, "The defendant without good and sufficient cause and in disregard of its obligations under said contract, refused the plaintiff further employment in its schools and continued to refuse plaintiff employment in its schools for the balance of four school months remaining of the said term of eight school months" etc.

It will be observed that for all that appears from the declaration, it may be true that the plaintiff breached his contract and failed and refused to do some of the many things required of him by the contract to be done and the failure to do which under the terms of the contract authorized the County Board of Public Instruction to discontinue his services and discharge his employment under the contract.

For these reasons demurrer to the declaration was properly sustained.

It appears, however, that the court in the order sustaining the demurrer held that the allegations of the declaration when taken together with the contract attached thereto and made a part thereof could not be so amended as to allege a cause of action and thereupon entered an order dismissing the suit.

This order dismissing the suit was not a proper final judgment to be entered as a judgment on sustaining demurrer to a declaration, though we cannot say that such order did not finally dispose of this case in the circuit court and for that reason and for the further reason that

no motion has been made to dismiss the writ of error because of the defects in the final judgment, we will not *sua sponte* enter an order of dismissal. The judgment of the court that the declaration could not be amended so as to state a cause of action was error. Therefore, the judgment will be reversed and the case remanded for further proceedings not inconsistent with this opinion. It is so ordered.

Reversed and remanded.

WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.

DAVIS, J. (Concurring).—Conditions precedent may be alleged in general terms to have been complied with by plaintiff. Good pleading requires the *defendant* to specify with particularity just what condition plaintiff did not comply with. W. O. W. vs. McDonald, 76 Fla. 599, 80 So. 566, 3rd headnote. On the authority cited I think the general allegation of performance of the contract by plaintiff was sufficient and that it was up to defendant by plea to specify with particularity which one of the conditions it wanted to contest. But see Kidd vs. Jacksonville, 91 Fla. 380, 107 So. 677.

ELLIS, J., concurs.