M. WILLIAMS v. BOARD OF PUBLIC INSTRUCTION, HOLMES COUNTY.

182 So. 837.
Opinion Filed July 27, 1938.

*John H. Carter* and *John H. Carter,* Jr., for Plaintiff in Error;

*Clyde R. Brown,* for Defendant in Error.

BUFORD, J.—The writ of error brings for review judgment in favor of defendant on demurrer sustained to amended declaration.

The original declaration in effect alleged that on August 30th, 1934, the Board of Public Instruction of Holmes County, Florida, employed the plaintiff to transport children in a school bus to and from school on Esto local route and Esto-Noma High School route in said County, and contracted in writing to pay him $123.00 per school month, payable at the next regular meeting of the School Board after the close of the school month in which the service was rendered for a period of three years from the date of the contract that he performed the contract for two years, that is for the school year 1934-35 and 1935-36, in a satisfactory manner and received his pay regularly at the contract price of $123.00 per month, that plaintiff notified the Board that he stood ready, willing and able to transport pupils in accordance with the contract and offered to do so but his services were unconditionally refused and the contract repudiated; that three months thereafter plaintiff filed suit.

The amended declaration alleged, in addition to what was alleged in the original declaration, matters showing that the three year contract was entered into on account of special requirements of an additional expense necessary to be incurred by the bus driver to equip himself for a three year service that in view of the additional requirements imposed upon him for the three year contract he purchased a new school bus on credit payable in installments from the money coming to him under the transportation contract and that the Board accepted a regular order from the plaintiff to pay the person who financed the purchase of the new bus and obligated itself to pay such persons stated

amount monthly out of the contract price the plaintiff was to get for furnishing the transportation.

Demurrer was sustained to the amended declaration and the plaintiff declining to plead further, judgment was entered for the defendant, to which judgment writ of error was sued out.

The only question for our determination is whether or not the County Board of Public Instruction of a county may lawfully contract with a bus driver for a period covering three years to transport pupils to and from public schools in the county.

In Malounek, et al., v. Highfill, et al., 100 Fla. 1428, 131 Sou. 313, we held:

"1. The furnishing of transportation for school children from the rural districts who are required to travel several miles to reach the location of a central school involves the expenditure of funds for the maintenance of public free schools and is a proper expenditure to be incurred by the County Board of Public Instruction to be paid from the county school fund as a part of the necessary expense incident to the attendance of the children in school."

We do not hold, however, that the authority lodged in the County Board of Public Instruction to provide transportation for school children carries with it the authority for the Board to contract for such transportation over a period of years in the future.

In the case of Board of Public Instruction v. Kennedy, 109 Fla. 153, 147 Sou. 250, a one year contract was involved and in that case we said:

"A board of public instruction created under the laws of the State of Florida has the right, within the limits of its statutory authority, to contract with teachers and other persons, for the rendition of personal services required to

be utilized in and about the operation or maintenance of the public schools, when appropriate to carry out the plan or system provided for by law. And in the event any lawfully made contract for personal services is breached, or the services rendered under it are not paid for as agreed, an action at law therefor will lie against the Board, and judgment on the cause of action that has accrued may be rendered against it, as in the case of other public bodies corporate, which may become liable to judgment in an action *ex contractu.* Kelly v. Board of Public Inst., Baker County, 105 Fla. 398, 141 So. 311. For limitations on such suits see Babcock v. Board of Pub. Inst. for Dade County, 104 Fla. 693, 140 So. Rep. 644; First National Bank of Key West v. Board of Pub. Inst. for Dade County, decided at present term."

In Savage v. Board of Public Instruction, 101 Fla. 1362, 133 Sou. 341, we held that:

"The Florida Constitution imposes no limitation upon school boards and school districts becoming indebted for their current expenses within the amount of the current tax levy."

And in Bervaldi v. State, ex rel. Gibson, 103 Fla. 902, 138 Sou. 380, we held that:

"If indebtedness has been legally incurred by a school board which it would be lawful to pay out of a current levy of school taxes the school board has the right to take such indebtedness into account in making up its budget and to include items of that account in the total amount to be raised for the scholastic year."

In Board of Public Instruction v. Kennedy, *supra,* we also said:

"The statutes relating to the functioning of boards of public instruction mandatorily require that a detailed estimate shall be made of the expenses expected to be incurred

in maintaining and operating the schools for the current year. It is also required that the moneys to be raised for school purposes shall be likewise carefully estimated, such estimate to be made by the Board after taking into consideration any other sources of income expected to be received. Section 561 C. G. L., 454 R. G. S., State, *ex rel.* Board of Pub. Inst., Gadsden County, v. County Commissioners, 17 Fla. 418.

"The statutes also contemplate that the required annual estimate of expenses for maintaining the schools for the scholastic year shall include provisions to be embraced therein, to cover deficiencies that have been experienced in the receipt or collection of anticipated revenues of previous years, so that all contemplated disbursements of school moneys based on the current budget shall not exceed in the aggregate the sum of money expected to be available or provided to be raised, to meet the budgeted expenses of maintaining the schools for that scholastic year. This is so because, as was said in State, *ex rel.* Board of Pub. Inst. Gadsden County v. County Commissioners, 17 Fla. 418, it frequently happens that in conducting school affairs, after budgets of estimated revenues and of estimated expenses have been carefully made up, and obligations have been incurred by the Board of Public Instruction on the faith thereof, some of the expected revenues are for various reasons not received, or remain uncollected, thereby causing unexpected deficiencies in funds essential to discharge those obligations which were lawfully and in good faith incurred, with the reasonable assurance and expectation on the part of the Board, that the expenses of the year would be within its reasonable anticipated receipts, and consequently within the purview of the plan of school financing contemplated by the Constitution and the statutes."

Our Constitution and statutes contemplate that the public

schools of each county shall be operated upon what we may term an annual basis.

In the case of Nassau County v. Downie, 16 Fla. 171, it was held:

"No officer can bind either the State or County, except where there is authority, either expressed or necessarily implied, given by law to make the contract sought to be enforced."

As is seen from what has heretofore been said in this opinion, the employment of persons to transport pupils to and from the central public schools is an implied power vested in the County Board of Public Instruction by reason of the necessity which the centralization of schools imposed, but there is no such implied power lodged in the County Board of Public Instruction to make a contract to run over a period longer than one school year. If the Board of Public Instruction may be assumed to have the power to contract for transportation for a period extending beyond the current school year, or at most beyond the ensuing school year in cases where the contract is made after the close of one term and before the beginning of the next term, then it might well be presumed that such contract could be made for a period of five or even ten years because we must assume that schools will continue as instrumentalities for public education and that there will be pupils to transport to and from the same.

The whole policy of our public school system is that the operation of such schools is to be based upon each year's requirements and facilities.

Paragraph 6 of Section 454 R. G. S., 561 C. G. L., provides:

"To employ teachers for every school in the county and to contract with and pay the same for their services: Provided, that schools shall not be located nearer than three

miles to each other, unless for some local reason or necessity."

In the case of Kelly v. Board of Public Instruction of Baker County, 105 Fla. 398, 144 Sou. 311, it was held that this provision of the statute is ample authority for the County Board of Public Instruction to enter into contracts with teachers for employment during the ensuing school year or term, if the contract be made prior to the opening of the school, or to enter into such a contract during any school term for services to be performed during the then current term. But there was no intimation that this specific statutory authority authorized the School Board to make contract with teachers beyond the end of the ensuing term.

For the reasons stated, we hold the contract relied upon was *ultra vires* and that the declaration failed to state a cause of action.

The judgment should be and is affirmed.

So ordered.

Affirmed.

ELLIS, C. J., and WHITFIELD, BROWN and CHAPMAN, J. J., concur.