Board of Public Instruction for Suwannee County
v. J. F. Arnold

194 So. 334
Division B
Opinion Filed March 1, 1940

*J. L. Blackwell,* for Plaintiff in Error;

*C. A. Avriett,* for Defendant in Error.

Per Curiam.—J. F. Arnold, plaintiff below, instituted an action at law to collect certain monies claimed to be due to him under a contract to teach in the public schools of Suwannee County. The contract was duly executed and was also made a part of the plaintiff's declaration. The Board of Public Instruction, defendant below, filed its pleas denying the making of the contract and also setting forth that one of the contingencies provided for in the contract, namely, "if the average attendance of such school for any month shall fall below 50 per cent of the largest enroll-

ment during the year, then the Board may lessen the salary, shorten the time specified herein, or annul this contract altogether," had happened and hence the Board was relieved of any liability under the contract.

Plaintiff filed a replication alleging that defendant, by its own actions, had precipitated the happening of the contingency, and, therefore, could not avail itself of this as a defense. The defendant then filed a rejoinder averring that the closing of the school was necessitated by a lack of funds with which to continue operations. Defendant further averred in its rejoinder that plaintiff was notified and that he acquiesced in its action, continuing in its employ and performing other duties than teaching.

Plaintiff interposed a demurrer to this rejoinder. The demurrer was overruled, the court stating in its order on the said demurrer that the "* * * demurrer is overruled with the understanding that Counsel for defendant will not offer or attempt to offer any testimony under said rejoinder except that portion thereof which alleges the plaintiff acquiesced and agreed to the closing of the school."

Issue was joined and the cause came on to be tried before the court without a jury. The court found for the plaintiff and the defendant now takes writ of error to this court, assigning as error the order of the lower court on the demurrer to the rejoinder.

It will be noticed, upon a careful examination of the rejoinder, that the defendant is seeking to interpose two defenses to the action by the plaintiff, (1) lack of funds and (2) consent of the plaintiff to the closing of the schools and the consequent reduction in his salary. In effect, the order on the demurrer struck the first defense. This was correctly done.

The law is well settled that when a teacher is employed for a specified term at a specific rate of compensation, full

recovery may be had and lack of funds is no defense to the action; 24 R. C. L. 614; 56 C. J. 396; Harrison School Twp. v. McGregor, 96 Ind. 185, unless there be some provision in the contract itself or a constitutional or statutory provision prohibiting such a recovery. No such provision is here brought to our attention, and we have not been able to find any.

Furthermore, in the case of Kelly v. Board of Public Instruction for Baker County, 105 Fla. 398, 141 So. 311, we held that our statute, Section 561, C. G. L. of Florida, 1927, authorized the Board to enter into such contracts as the one here in question, and, that if damages accrue from a breach of the contract, such damage is incident to the expense of operating the public schools. Text, 141 So. 312.

It is true that in the case of Board of Public Instruction, et al., v. Cannon, et al., 83 Fla. 602, 92 So. 149, we stated that the closing of a school did not constitute a breach of the teachers contract; but in that case recovery was denied because the teacher voluntarily left the school district and county without offering or rendering her services elsewhere in the school district, while in this case the plaintiff continued in the employ of the defendant, rendering services to the defendant. The defendant admits, by the averments in its rejoinder, that the plaintiff "* * * continued in defendant's employee performing other duties than teaching, * * *."

For the reasons above stated the judgment of the lower court should be and the same is hereby affirmed.

Affirmed.

WHITFIELD, P. J., and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.