## Estill County, et al. v. Powell County, et al.

(Decided February 27, 1923.)

### Appeal from Powell Circuit Court.

1. Statutes—Invalidity of Act Detaching Territory Gives no Right for Portion of Bonded Indebtedness Against County Receiving Territory.—The invalidity of a statute detaching territory from one county and attaching it to another gives the former county no right against the latter for a portion of the bonded indebtedness when the territory was detached, since in that event the territory would still be part of the former county.

2. Statutes—Title of Act to Define County Line Includes Transfer of Territory.—The title of an act indicating its purpose was to define the county line of a county was sufficient to embrace the provision of the act detaching a portion of the territory from that county and annexing it to another county.

3. Counties—County Receiving Territory from Another is Not Liable for Debts Unless Expressly Provided.—Where territory is detached from one county and annexed to another, the county receiving the territory is not liable for any portion of the debts of the county losing the territory, in the absence of express constitutional or statutory provision to that effect, and the provision of Constitution, section 65, that territory stricken from one county and added to another shall be bound by its proportion of the indebtedness of the county from which it has been taken, does not apply where the change was made before that section was adopted.

4. Counties—Detached Territory Cannot be Required to Pay Portion of Debt Until it is Paid by Original County.—Even if territory detached from a county is liable for a portion of the existing indebtedness of the county, it is at most only jointly liable, and the county cannot recover its proportion of the indebtedness without showing that it has paid the debt or more than its proportionate share thereof.

E. C. O'REAR, C. F. SPENCER, J. D. ATKINSON and MORGAN M. ATCHINSON for appellants.

BENTON & DAVIS and MARION ATKINSON for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

In the year 1888 Estill county issued and sold fifty one thousand dollar thirty year five per cent bonds, which had been voted by its citizens. The principal and interest of the bonds, together with the cost of litigation and other necessary expenses connected therewith, now amount to $132,500.00.

In the year 1890 the legislature passed an act entitled, "An act to define the county line of Estill county," which act, it is claimed, struck from the county of Estill about one-seventh of its territory and incorporated it in the county of Powell.

This suit was brought by Estill county and its former treasurer, James Wallace, against Powell county and the county judge and members of the fiscal court of that county to recover one-seventh of the indebtedness, or the sum of $19,000.00, and for a mandamus compelling the members of the fiscal court to levy and collect a tax sufficient to pay that sum. A demurrer was sustained to the petition and the petition was dismissed. Plaintiffs appeal.

It is first insisted that the act of 1890, entitled, "An act to define the county line of Estill county," is invalid because it relates to more than one subject and the sub-

ject is not expressed in the title. In support of this position it is argued that the only purpose indicated by the title was to define the county line of Estill county, whereas the body of the act took a portion of Estill county and placed it in Powell county, thus embracing matters not mentioned in, or germane to, the title. In the first place it is not perceived how appellants would have a cause of action against appellees, even if the act were invalid, for in that event the stricken territory would still be a part of Estill county, and there would be nothing on which to base the liability of appellees. But the validity of the act is not open to discussion. In the case of Walters v. Richardson, 93 Ky. 374, the act was attacked on the same ground and its validity upheld.

While section 65 of our present Constitution provides in substance that territory stricken from one county and added to another shall be bound for its proportion of the indebtedness of the county from which it has been taken, the act in question was passed before its adoption, and the Constitution then in force contained no such provision and the act itself is silent on the question. In the absence of express legislative or constitutional provision to the contrary, it is the general rule that a county to which territory is added is not liable for any of the burdens of the county from which the territory was taken. Laramie County v. Albany County, 92 U. S. 307, 23 L. Ed. 552; Miller v. Pineville, 89 S. W. 261; 15 C. J. 407. That being true, it is clear that even if the petition were otherwise sufficient, no cause of action was stated against Powell county.

But it is sought to uphold the petition on the theory that the stricken territory could not be relieved of liability without impairing the obligation of the contract with the bondholders, and the obligation of the implied contract with the landowners of Estill county that all the territory in that county, when the debt was created, should be liable for the debt. Whether the detached territory remains liable for its proportion of the debt, and whether, upon a proper showing, Estill county could require the fiscal court of Powell county to levy a tax on such territory to meet the obligation, we deem it unnecessary to decide. It is sufficient to say that the petition does not allege that Estill county has paid the debt or more than its proportionate share, and until that is done, it is not entitled to any relief against the detached terri-

tory which, at most, is only jointly liable. Fletcher v. Grover, 11 N. H. 368, 35 Am. Dec. 497.

It follows that the demurrer to the petition was properly sustained.

Judgment affirmed.